Thanh Phuong NGUYEN; Toan Tony Nguyen, Plaintiffs—Appellants,

v.

Austin F. PHILLIPS, Gary Drlik, Stuart McCarroll, James Griffin, Police Officers of the City of Brea; Alexander Percy, U.S. Postal Inspector; Harry J. Pettibone, Rex R. McMillan, Jeremy D. Scott, U.S. Customs Agents, Defendants—Appellees.

No. 02–56141.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided June 13, 2003.

Before: REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

Plaintiffs sued the defendant officers, claiming violations of the Fourth, Fifth,[1] and Fourteenth Amendments.[2] The district court granted summary judgment in favor of the defendants. Except for one technical matter requiring remand, we affirm.[3]

## I. Officers Other Than Phillips

■ Defendant Percy Alexander was never served in this case. Accordingly, he was not entitled to summary judgment. On remand, the court shall dismiss the claims against Alexander without prejudice. *See Johnson v. Meltzer*, 134 F.3d 1393, 1396 (9th Cir.1998).

■ As to the properly served defendants, except for Phillips, there is no evidence in the record indicating that any of the officers played any role in the events at issue other than helping to execute the search warrant. The uncontradicted declarations of these "line officers" demonstrate that they fulfilled their constitutional responsibility to inquire "as to the nature and scope of the warrant" before executing it. *See Ramirez v. Butte–Silver Bow County*, 298 F.3d 1022, 1028 (9th Cir.2002). Because the "line officers" reasonably and in good faith relied on the magistrate's determination of probable cause, we affirm the grant of summary judgment as to them. *See id.*

## II. Detective Phillips

■ The plaintiffs first assert that Detective Phillips is collaterally estopped, by the state court's grant of Thanh's motion to set aside the information, from asserting that the affidavit that he submitted with his application for a search warrant provided probable cause for the search. Applying California law, we find no estoppel here. Detective Phillips is not for these purposes in privity with the district attorney, whose incentive to concede rather than litigate a probable cause motion in foregoing prosecution of a minor case is very different from the incentive that faces Phillips as a defendant in a civil rights suit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The plaintiffs have abandoned their Fifth Amendment claims on appeal.

2. Because the parties are acquainted with the facts and procedural history of this case, we do not repeat them here.

3. The defendants allege that, under the *Rooker–Feldman* doctrine, we have no jurisdiction to consider any claim amounting to a collateral attack on the default judgment of the state forfeiture proceeding. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We must consider such jurisdictional challenges before turning to the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

The *Rooker–Feldman* doctrine "applies only when the federal plaintiff was a party to the state suit." *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir.1998). Here, however, neither federal plaintiff ever became a party to the state's civil forfeiture proceeding. Therefore, *Rooker–Feldman* does not bar our decision on the merits.

*See McCutchen v. City of Montclair,* 73 Cal.App.4th 1138, 1144, 87 Cal.Rptr.2d 95 (1999); *Hudson v. Bd. of Admin.,* 59 Cal. App.4th 1310, 1330, 69 Cal.Rptr.2d 737 (1997).

The plaintiffs next contend that Phillips's affidavit lacked probable cause. We hold that the facts in Phillips's affidavit gave the magistrate a substantial basis for concluding that, "under the totality of the circumstances, [there would be] a fair probability that contraband or evidence of a crime" would be found in Nguyen's home.[4] *See United States v. Celestine,* 324 F.3d 1095, 1102 (9th Cir.2003). The affidavit stated, *inter alia,* that the package contained $11,700 in currency, that the package was falsely labeled as "Tapes," that a certified narcotics-detecting dog "alerted" on the package, and that this alert "indicates that the currency [found in the package] was packaged or shipped to Nguyen by someone who had handled" drugs. Even if each individual factor is of limited probative value alone, *see, e.g., United States v. Currency, U.S. $42,500,* 283 F.3d 977, 981, 982 (9th Cir.2002), the factors together provide a fair probability that evidence of drug crime would be found in Nguyen's home.

The plaintiffs also claim that Phillips's statement that the canine alert on the package "indicates that the currency was packaged or shipped to Nguyen by someone who had handled" drugs, or his failure to provide additional information regarding the general prevalence of contaminated currency, amounts to a *Franks* violation. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We disagree. The facts in the record preclude a finding of "deliberate falsehood or reckless disregard for the truth," *Butler v. Elle,* 281 F.3d 1014, 1024 (9th Cir.2002). Moreover, even if the plaintiffs had shown that Phillips acted in such a manner, they have not shown that the offending statement or omission was "material." *See id.* at 1024, 1026. This is not a case in which the affiant concealed facts known only to him; the information that allegedly rendered Phillips's statement either false or misleading—our decision in *United States v. U.S. Currency, $30,060,* 39 F.3d 1039 (9th Cir.1994)—was as available to the magistrate as it was to Phillips.

For the reasons stated, we affirm as to Detective Phillips as well.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

4. An anticipatory warrant conditioned on the delivery of a package is valid if there is a fair probability that evidence of a crime will be found at the location to which the package is successfully delivered, whether or not the package itself contains contraband. We therefore reject the plaintiffs' challenge that the use of such a warrant is inappropriate in this case.