[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2007
THOMAS K. KAHN
CLERK

No. 06-15452
Non-Argument Calendar

_____

D. C. Docket No. 06-00915-CV-TWT-1

MAHMOOD I. ALYSHAH,

Plaintiff-Appellant,

versus

THE UNITED STATES OF AMERICA,
THE U.S. DEPARTMENT OF JUSTICE,
ALBERTO GONZALES, The United
States Attorney General,
THE DEPARTMENT OF HOMELAND SECURITY,
THE EXECUTIVE OFFICE OF IMMIGRATION REVIEW,

Defendants-Appellees.

_____

No. 06-15512
Non-Argument Calendar

_____

D. C. Docket No. 06-00946-CV-TWT-1

MAHMOOD I. ALYSHAH,

Plaintiff-Appellant,

versus

STATE BAR OF GEORGIA FOUNDATION, INC.,
a Private Organization
d.b.a. State Bar of Georgia,

                                    Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(July 24, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

We sua sponte consolidate the above-captioned appeals brought by pro se litigant Mahmood I. Alyshah from the district court's final judgments in two of his many lawsuits arising out of the State Bar of Georgia's ("Georgia Bar") efforts to prevent him from engaging in the unauthorized practice of law. These efforts culminated in the Georgia Bar's filing of a complaint, in the Superior Court of DeKalb County, for injunctive relief against "Alyshah Immigration," of which Alyshah is the President. The action before the Superior Court was resolved with a Consent Order, signed by each party's counsel and by Judge Linda Warren Hunter, stating: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah

2

Immigration Agency, Inc., and its officers, directors, employees and agents is permanently forbidden, restrained, and enjoined from engaging in the practice of law in the State of Georgia." Alyshah then proceeded to file a number of federal complaints, which the district court estimated to be six as of the date of its orders in the instant cases, including the two that are the subject of the instant appeal, challenging, in essence, the validity and constitutionality of the Consent Order and related Contempt Order.

In Case Number 05-15512, Alyshah appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights claim and related state-law claims, all filed against the Georgia Bar and seeking a declaration that the Georgia Bar violated his constitutional rights, $420,000,000.00 in various damages, and attorneys' fees. In Case Number 05-15452, Alyshah appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights claim and related state-law claims, all filed against the United States of America, the U.S. Department of Justice, the Attorney General of the United States, the Department of Homeland Security, and the Executive Office of Immigration Review, challenging the constitutionality of 8 C.F.R. § 292 and seeking a declaration that the United States violated his constitutional rights.

In both of the underlying actions, the district court concluded, in light of the

Consent Order and a related Contempt Order, also issued by the Superior Court of DeKalb County, that Alyshah's federal claims were barred by the Rooker-Feldman doctrine[1] which "provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (internal quotations omitted). The district court then went on to reach the merits of Alyshah's other claims, which were based on state law, and concluded that they were without merit and due to be dismissed, along with the federal claims. In both of these appeals, we issued a jurisdictional question relating to the district court's exercise of jurisdiction over the matter, after the court's finding that the Rooker-Feldman doctrine applied.

At the outset, we have a duty to review our subject-matter jurisdiction over this proceeding. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). The review of subject-matter jurisdiction is de novo. Id. at 408. If the Rooker-Feldman doctrine applies to Alyshah's claims, we lack subject matter jurisdiction, as did the district court. See Goodman, 259 F.3d at 1332 ("The

---

[1]See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983). The Supreme Court recently reiterated that the doctrine continues to apply in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal . . . ." (citation omitted)). We do, however, have jurisdiction to consider whether the district court's jurisdictional rulings were correct. Tamiami Partners, Ltd. ex. rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1221 (11th Cir. 1999). Accordingly, we review de novo whether the Rooker-Feldman doctrine is applicable to the claims raised by Alyshah in the district court.

The Rooker-Feldman doctrine "provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)). "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997). We have explained:

> Under the Rooker-Feldman doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. Federal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment. A district court engages in impermissible appellate review when it entertains a claim that the litigants did not argue in the state court, but is inextricably intertwined with the state court judgment.

Id. (internal citations omitted). Four criteria must be met for the doctrine to apply:

(1) the party in federal court is the same as the party in state court;

5

(2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003) (citations omitted). A federal claim is "inextricably intertwined" with a state court judgment if "the federal claims succeed only to the extent that the state court wrongly decided the issues before it, and, if so, whether the plaintiffs had a reasonable opportunity to present their federal claims in the state court proceedings." Goodman, 259 F.3d at 1332 (citations and internal quotations omitted).[2]

Both of the present cases were "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

---

[2]Rooker-Feldman does not prevent district courts from examining facial challenges to the constitutionality of state laws. See Feldman, 460 U.S. at 482-83, 486; see also Blue Cross and Blue Shield of Maryland v. Weiner, 868 F.2d 1550, 1554 (11th Cir. 1989) ("Thus, although federal district courts have jurisdiction over general constitutional challenges, Rooker and Feldman prohibit such courts from exercising jurisdiction to decide federal issues that are inextricably intertwined with a state court's judgment."). Thus, to the extent Alyshah challenged the facial constitutionality of federal immigrations regulations, the district court retained jurisdiction over those claims. However, Alyshah raises no arguments concerning the district court's analysis of his facial challenges and, accordingly, any potential arguments are thereby abandoned. See AT&T Broadband v. Tech Commc'ns Inc., 381 F.3d 1309, 1320 n.14 (11th Cir. 2004) (citation omitted) ("Issues not raised on appeal are considered abandoned.").

rejection of those judgments." Exxon Mobil, 544 U.S. at 284. After Exxon Mobil, Rooker-Feldman continues to apply to such cases. Moreover, as examined by the district court, the four elements for application of the Rooker-Feldman doctrine, explicated by this Court in Amos, are satisfied. Accordingly, we discern no error in the district court's dismissal, for lack of jurisdiction, of the federal claims. Having concluded that it lacked jurisdiction over the federal claims, however, the district court should have dismissed, for lack of jurisdiction, Alyshah's state-law claims, rather than reaching the merits of those claims.[3]

We affirm the district court's dismissal of Alyshah's federal claims. We vacate the district court's dismissal orders as to Alyshah's state law-claims and remand with instructions to dismiss those claims for lack of subject-matter jurisdiction.

**AFFIRMED, IN PART, AND VACATED AND REMANDED, IN PART, WITH INSTRUCTIONS.**

---

[3] To the extent the district court characterized its decision, in No. 06-15512, as based on "hypothetical jurisdiction" -- that is, the court assumed arguendo the state-law claims were not barred by Rooker-Feldman --a court may not assume "hypothetical jurisdiction" to decide the merits of a case despite its lack of jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). "Hypothetical jurisdiction produces nothing more than a hypothetical judgment -- which comes to the same thing as an advisory opinion, disapproved by [the Supreme] Court from the beginning." 523 U.S. at 101.