NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2262
_____

ANGEL LAYCHOCK,

Appellant

v.

WELLS FARGO HOME MORTGAGE;
WACHOVIA BANK, NA

_____

On Appeal from the United States District Court
for the
Eastern District of Pennsylvania
(D.C. Civ. No. 07-04478)
District Judge: Juan R. Sanchez

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 5, 2010

Before: SCIRICA, FUENTES, AND JORDAN, Circuit Judges.

(Opinion Filed: November 1, 2010)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Angel Laychock brought this action in federal court, alleging fifteen claims against Defendant Wells Fargo Home Mortgage ("Wells Fargo"). Wells Fargo had obtained a default judgment against Laychock in a separate foreclosure action in the Philadelphia Court of Common Pleas. The District Court ultimately dismissed all of Laychock's claims, pursuant to the *Rooker-Feldman* doctrine, res judicata, and relevant statutes of limitations. Laychock subsequently reinstated her mortgage and the Defendants vacated the default in the state court action. The District Court then denied Laychock's motions to amend her complaint and for relief from judgment. Laychock appeals the dismissal of her claims and the denials of her two motions. We will affirm.[1]

## I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. Angel Laychock obtained a mortgage from Wells Fargo. Laychock arranged for bi-weekly automatic payments toward this mortgage from her bank, Wachovia. Laychock alleges that in December 2006 Wells Fargo began to withdraw additional bi-weekly payments from her account. She claims that, as a result, she incurred insufficient funds and late fee charges. Wells Fargo investigated and reversed three of seven duplicative payments and contacted credit reporting agencies to make them aware of the error.

---

[1] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

In July 2007, Wachovia, which had become a successor-in-interest to Wells Fargo, filed a foreclosure action against Laychock, alleging she had not made a monthly payment since April 1, 2007. Wachovia obtained a default judgment. Laychock subsequently filed a petition to open the default, in which she claimed that Defendants had double debited her account and did not give her proper credit for amounts debited.

Before receiving a decision on her petition in state court, Laychock filed this action in federal court, claiming wrongful foreclosure and damages for incorrect credit reports. Her initial Complaint included fifteen counts, but on appeal she raises only her claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("the UTPCPL"). As this case was pending in the District Court, the state court denied Laychock's petition to open the default. Laychock chose not to appeal the state court's decision.

The District Court dismissed Laychock's Complaint, finding that it lacked jurisdiction, under the *Rooker-Feldman* doctrine, to hear most of Laychock's claims – including those brought under the UTPCPL – and that res judicata precluded her claims.[2] To satisfy the UTPCPL, Laychock must prove that Defendants engaged in "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. Ann. § 201-2. The Court found that, in rejecting Laychock's petition to

---

[2] *Rooker-Feldman* "precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (internal quotations and citation omitted).

open the default, the state court had rejected Laychock's assertions that the Defendants double debited her account. Accordingly, the Court concluded that Laychock's claims for money damages, predicated on the alleged double debiting and wrongful foreclosure, would require it to find that the state court's decision was wrong, in violation of the *Rooker-Feldman* doctrine. In the alternative, the court found that res judicata applied. Finally, certain other claims, which are not at issue in this appeal, were time-barred.

## II.

We exercise plenary review over a District Court's decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Edgar v. Avaya*, 503 F.3d 340, 344 (3d Cir. 2007). We "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Id.* We review the decision to deny leave to amend for abuse of discretion. *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007). Denial of a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b), is also reviewed under an abuse of discretion standard. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

Plaintiff seeks damages based on a "wrongful foreclosure" and the double debiting of her bank account, which allegedly resulted in insufficient funds and late fee charges. Any claim relying on allegations of wrongful foreclosure must be rejected under the *Rooker-Feldman* doctrine. As we recently declared, "there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in

state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, – F.3d – , 2010 WL 3035466, at *6 (3d Cir. Aug. 5, 2010). In a recent case that also involved a state-court foreclosure proceeding, *In re Madera*, we found that *Rooker-Feldman* precluded us from exercising jurisdiction where, as here, to grant the requested relief the District Court would have been required to "determine that the state court judgment was erroneously entered." 586 F.3d at 232 (internal quotations and citation omitted). All four of the requirements we outlined in *Great Western* are satisfied here and the relief from a "wrongful foreclosure" requested by Laychock would have required the District Court to determine that the state court erroneously entered judgment. Accordingly, we find Laychock's claims based on wrongful foreclosure barred by the *Rooker-Feldman* doctrine.

The District Court also found that Plaintiff's claims for damages due to the double debiting of her account were barred, under both *Rooker-Feldman* and the doctrine of claim preclusion. We do not need to address the *Rooker-Feldman* argument because we agree with the District Court that these claims are precluded. Pennsylvania law regarding claim preclusion essentially mirrors the federal doctrine. "*Res judicata,* or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties

or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine applies not only to claims that are actually litigated, but also to those that could have been litigated in the first proceeding, so long as they were part of the same cause of action. *Id.* Applying Pennsylvania law in *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 66-67 (3d Cir. 1978), we held that res judicata bars consideration in a second suit of defenses raised in a petition to open, as well as defenses that the party "might have, but did not raise." Plaintiff raised the issue of double debiting in her petition to open the default judgment, presenting it as a defense to the foreclosure action. (App. at 60.) Accordingly, we affirm the District Court's conclusion that Laychock is precluded from bringing these claims in federal court.

The cases relied upon by Laychock do not alter our analysis. Laychock is correct that, applying Pennsylvania preclusion doctrine, we have rejected the view that a "court's refusal to open [a] default judgment[] constituted a judgment on the merits which precluded relitigation of the issue" when the issue for which preclusion was sought was not "essential" to the judgment. *In re Graves*, 33 F.3d 242, 247 (3d Cir. 1994). However, in this case the District Court found, and we concur, that claim preclusion and not issue preclusion bars Laychock's claims.

Following the dismissal of her federal complaint, Plaintiff reinstated her mortgage. At that time, Wells Fargo filed to vacate the default. Plaintiff then filed a motion in federal court to reinstate her claims, based on the vacatur of the default. She sought to

invoke Federal Rule of Civil Procedure 60(b)(5), which permits relief when a "judgment . . . is based on an earlier judgment has been reversed or vacated." Laychock argued that with the state court judgment vacated, *Rooker-Feldman* no longer applied. Laychock also filed a separate motion for leave to file an amended complaint. Oral argument was held and at argument Plaintiff dropped all of her claims except those under the UTPCPL.

The District Court denied Laychock's motion for relief from judgment, on the grounds that she had not demonstrated "exceptional circumstances" that would merit discretionary relief under Rule 60(b)(5). *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The "extraordinary circumstances standard applicable to the trial court's exercise of discretion is a strict one" and our review is "commensurately narrow." *Inmates of Allegheny County Jail v. Wecht*, 754 F.2d 120, 127 (3d Cir. 1985). Laychock cured her mortgage default, which caused the Defendants to request that the default judgment be vacated, within eight days of the District Court's dismissal of her claims. She then returned to the Court, seeking relief under Rule 60(b)(5). We agree with the District Court that this course of action did not constitute the sort of "extraordinary circumstances" that merit relief under Rule 60 and accordingly affirm its decision on this issue. The District Court also denied Plaintiff's motion to amend her complaint, finding it would be futile. Laychock sought leave to amend her complaint so as to adequately state a claim on three causes of action that are no longer at issue on appeal. Moreover, Laychock's attorney conceded at argument on the motion that even if given leave to amend, she would be unable to plead adequate facts to support

these claims.  (App. 238-40.)  Laychock's brief provides no argument on this issue, merely quoting applicable legal standards.  Furthermore, we have held where, as here, a party fails to provide a draft amended complaint, that this provides an adequate basis for denying a request to amend.  *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000). Accordingly, the denial of the motion to amend was not an abuse of discretion.

## III.

For the foregoing reasons we will affirm the District Court.