# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2405

_____

| | | |
|---|---|---|
| Harvey Edwards, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| City of Jonesboro, a Municipal | * | |
| Corporation; Harold Perrin, Mayor; | * | |
| Jim Hargis; Ann Williams; Chris | * | |
| Moore; Darrel Dover; Tim McCall; | * | |
| Mitch Johnson; John Street; Charles | * | |
| Frierson; Gene Vance; Mikel Fears; | * | |
| Rennell Woods; Chris Gibson, City | * | |
| Council, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 12, 2011
Filed: July 14, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Harvey Edwards sued the City of Jonesboro, its mayor, and the members of its city council, alleging that methane gas from a city landfill invaded a tract of land owned by Edwards and so reduced its value as to amount to a taking of the property

by the City. He sought just compensation under the Fifth and Fourteenth Amendments, other compensatory damages, punitive damages, and injunctive relief. The district court[1] dismissed Edwards's claims, and we affirm.

## I.

According to the complaint, Edwards acquired a thirty-acre tract of land in Craighead County, Arkansas, in 1977, with the intention of developing or selling it. Several parties expressed interest in buying the land. In 1999, however, an environmental services firm performed an assessment of the site on behalf of a prospective buyer, and discovered high levels of methane, a combustible gas. The firm recommended no construction on the land until the methane problem was remedied. Two more assessments, one in 2002 and one in 2005, found that the high levels of methane persisted, and both recommended against building on the land. As a result, at least two prospective buyers cancelled contracts to buy the land from Edwards; one was a "firm contract" to buy the land for $550,000.

In 2005, Edwards sued the City of Jonesboro, its then-mayor, and the then-members of its city council in Arkansas state court. The City had operated a landfill adjacent to Edwards's land since 1978, and Edwards alleged that the decomposition of waste in the landfill created methane that migrated onto his land. Edwards asserted state-law claims of inverse condemnation, trespass, nuisance, negligence and negligence per se, strict liability, violations of two Arkansas statutes, and a violation of the Arkansas Constitution. Edwards also alleged violations of his rights under the First and Fifth Amendments to the United States Constitution, as applied to the states through the Fourteenth Amendment. In a third amended complaint, however,

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

Edwards included a "reservation of rights" that purported to reserve all federal rights and remedies for a later suit in federal court.

Edwards's suit was tried before an Arkansas circuit court judge, who found that the invasion of methane from the City's landfill resulted in a taking of Edwards's land. The court ordered the City to pay Edwards the value of the land at the time of the taking, which the court determined to be $387,500, as well as $18,901.60 for property taxes paid by Edwards from the time of the taking. The court declined to award prejudgment interest, because the time of the taking was difficult to determine, and because there was a serious dispute as to the value of the property. Edwards attempted to appeal, but he failed to lodge the record with the clerk of the Arkansas Supreme Court within the time allowed by rule, and the appeal was rejected as untimely.

On September 28, 2009, Edwards filed this action in federal district court against the City of Jonesboro, its mayor, and the members of its city council. He asserted, under 42 U.S.C. § 1983, claims of inverse condemnation, trespass, nuisance, negligence and negligence per se, and strict liability, in violation of his rights under the First, Fifth, and Fourteenth Amendments. He also claimed that the City took his property without paying just compensation, in violation of the Fifth and Fourteenth Amendments. The district court granted the defendants' motion to dismiss Edwards's complaint, holding that Edwards's claims were barred by issue preclusion and, in the alternative, that the court lacked jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

II.

A.

Edwards first disputes the district court's conclusion that the *Rooker-Feldman* doctrine bars his claims. The decisions in *Rooker* and *Feldman* establish that with the exception of habeas corpus proceedings, the inferior federal courts lack subject-matter jurisdiction over appeals from state-court judgments. Jurisdiction over such appeals is granted exclusively to the Supreme Court by 28 U.S.C. § 1257. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). We review *de novo* a district court's determination that it lacked subject-matter jurisdiction under *Rooker-Feldman*. *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010).

There is a question whether we must consider the *Rooker-Feldman* doctrine at the threshold when resolution of that issue would affect the disposition of the appeal. If *Rooker-Feldman* applies, then the district court lacks subject-matter jurisdiction. With a few limited exceptions, federal courts must address *Article III subject-matter jurisdiction* before reaching the merits of a claim or another non-jurisdictional question such as issue preclusion. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-97 (1998). Whether this rule also applies to statutory jurisdiction, however, is a matter of some dispute. *Steel Co.* noted that the limitations of statutory and Article III jurisdiction have similar purposes, *id.* at 101, but the Court also acknowledged that a federal court may reach a merits question before deciding a question of statutory *standing*. *Id.* at 96-97 & n.2. The courts of appeals disagree about whether a federal court may bypass *Rooker-Feldman*, a question of statutory jurisdiction, to reach an easier question of preclusion or the merits. *Compare Alyshah v. United States*, 241 F. App'x 665, 668 n.3 (11th Cir. 2007) (stating that *Steel Co.* prevents federal courts from assuming that *Rooker-Feldman* does not apply in order to reach the merits), *Shell v. Meconi*, 123 F. App'x 866, 867-68 (10th Cir. 2005)

-4-

(same), *Nguyen v. Phillips*, 69 F. App'x 358, 359 n.3 (9th Cir. 2003) (same), *In re Knapper*, 407 F.3d 573, 580 n.15 (3d Cir. 2005) (stating, without mentioning *Steel Co.*, that courts may not bypass *Rooker-Feldman* to reach the merits), *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 755 (6th Cir. 2003) (same), *and Ctrs., Inc. v. Town of Brookfield*, 148 F.3d 699, 703 (7th Cir. 1998) (same), *with Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718-19 (3d Cir. 2010) (bypassing *Rooker-Feldman* to decide the case based on preclusion), *Torromeo v. Town of Fremont*, 438 F.3d 113, 115 (1st Cir. 2006) (same), *Quadrozzi Concrete Corp. v. City of N.Y.*, 149 F. App'x 17, 18 (2d Cir. 2005) (same), *and Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634 n.5 (7th Cir. 2004) (same).

We need not decide whether it is permissible to bypass *Rooker-Feldman*, because we are confident under circuit precedent that the district court had subject-matter jurisdiction. The *Rooker-Feldman* doctrine is narrow; it applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The Court explained that *Rooker-Feldman* does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court," because "[i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (second and third alterations in original) (internal quotation omitted). Edwards's claims for inverse condemnation, trespass, nuisance, negligence and negligence per se, and strict liability complain not of injuries caused by the state-court judgment, but of injuries caused by the invasion of Edwards's land by methane emanating from the City's landfill. *Rooker-Feldman* thus does not apply to those claims. *See MSK EyEs, Ltd. v. Wells Fargo Bank*, 546 F.3d 533, 539 (8th Cir. 2008); *Riehm v. Engelking*, 538 F.3d 952, 964-65 (8th Cir. 2008).

The *Rooker-Feldman* issue is potentially more complicated with respect to Edwards's just compensation claim based on the Fifth Amendment. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court held that "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation." *Id*. at 195. This is because the Fifth Amendment proscribes only takings *without just compensation*, so "no constitutional violation occurs until just compensation has been denied." *Id.* at 194 n.13. Thus, in *Williamson County*, a property owner's constitutional claim was not ripe because the owner had not sought compensation through a state-law inverse condemnation action. *Id.* at 196-97.

Edwards's alleged constitutional injury occurred when the state court failed to award what Edwards claims is just compensation. It might be thought, therefore, that Edwards complains of an injury caused by the state-court judgment, and that he now seeks review and rejection of that judgment by a federal court. *See San Remo Hotel, L.P. v. City of S.F.*, 545 U.S. 323, 351 (2005) (Rehnquist, C.J., concurring in the judgment) (stating that "insofar as *Williamson County* can be read to characterize the state courts' denial of compensation as a required element of the Fifth Amendment takings claim," *Rooker-Feldman* might bar property owners from bringing Just Compensation Clause claims in federal court). This is not an insubstantial argument, but our circuit precedent rejects it. In *Knutson v. City of Fargo*, 600 F.3d 992 (8th Cir. 2010), this court held that in a § 1983 action based on the Just Compensation Clause, the plaintiff's alleged injury is caused by the loss of property, and not by a state-court judgment that refused to award compensation. *Id*. at 995-96, *aff'g on alternative grounds and as modified* No. 3:07-cv-68, 2008 WL 879735, at *4-6 (D.N.D. Mar. 28, 2008). *Knutson* compels the conclusion that Edwards does not complain of an injury caused by a state-court judgment, and *Rooker-Feldman* does not bar his Just Compensation Clause claim.

B.

Edwards also contends that the district court erred by concluding that his claims are precluded by the earlier state-court judgment. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *accord Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). We review *de novo* the district court's application of Arkansas preclusion law. *See Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011).

Arkansas preclusion law consists of "two facets, one being issue preclusion and the other claim preclusion." *Carwell Elevator Co. v. Leathers*, 101 S.W.3d 211, 216 (Ark. 2003). The parties and the district court focused on issue preclusion, but we think the case is more readily resolved based on claim preclusion. *See Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997). The Arkansas law of claim preclusion bars a claim in a second suit when:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies.

*Ark. Office of Child Support Enforcement v. Williams*, 995 S.W.2d 338, 339 (Ark. 1999). Claim preclusion bars not only claims that were litigated, but also claims that could have been litigated and that are based on the same events as claims that were litigated. *Id.*; *Swofford v. Stafford*, 748 S.W.2d 660, 662 (Ark. 1988).

Applying the foregoing criteria to this action, Edwards's claims are barred. First, the state court's order disposing of Edwards's state-court suit was a final

adjudication of the merits of Edwards's claim. Second, the state court had jurisdiction over Edwards's state-court action. *See* Ark. Code Ann. § 16-13-201(a). Third, the state court's order reveals that the parties fully contested the suit in good faith. Fourth, Edwards could have brought his federal claims as part of his state-court suit: "The requirement that aggrieved property owners must seek compensation through the procedures the State has provided for doing so does not preclude state courts from hearing simultaneously a plaintiff's request for compensation under state law and the claim that, in the alternative, the denial of compensation would violate the Fifth Amendment . . . ." *San Remo Hotel*, 545 U.S. at 346 (internal citation and quotation omitted). And Edwards's federal claims were based on the same event as his state-law claims before the state court, namely, the invasion of his land by methane from the City's landfill. Finally, the mayor and members of the city council were sued in their official capacities, so the change in some officeholders between the two lawsuits does not defeat preclusion.

Edwards did not avoid claim preclusion through the reservation of federal rights that he included in the third amended complaint filed in the state-court action. In *San Remo Hotel*, the Supreme Court held that there is no exception to the full faith and credit statute under which property owners may reserve their federal rights for a later federal suit. 545 U.S. at 337-38. Edwards argues that *San Remo* is distinguishable, because the state court in that case actually addressed the landowner's federal claims, while the Arkansas court in his case did not. But we rejected an identical argument in *Knutson*, 600 F.3d at 998, and it follows that Edwards's claims are precluded.

\* \* \*

The judgment of the district court is affirmed.

_____

-8-