# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1959
_____

Michael J. Banks; Antonia Rush-Banks

*Plaintiffs - Appellants*

v.

Francis G. Slay, in his official capacity as Mayor, City of St. Louis, and Ex-Officio Member, St. Louis Board of Police Commissioners; Darlene Green, in her official capacity as Comptroller, City of St. Louis; Tishaura O. Jones, in her official capacity as Treasurer, City of St. Louis; Richard Gray, in his official capacity as President, St. Louis Board of Police Commissioners; Thomas Irwin, in his official capacity as Vice President, St. Louis Board of Police Commissioners; Bettye Battle-Turner, in her official capacity as Treasurer, St. Louis Board of Police Commissioners; Erwin O. Switzer, in his official capacity as Purchasing Member, St. Louis Board of Police Commissioners

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 11, 2015
Filed: June 19, 2015

_____

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District Judge.

_____

MURPHY, Circuit Judge.

In 2009 Michael Banks and Antonia Rush-Banks obtained a $900,000 default judgment in a state court action against a St. Louis police officer in his individual and official capacities. The couple then unsuccessfully sought a writ of mandamus to enforce that judgment from both the state trial court and the Missouri Court of Appeals. Subsequently they filed this declaratory judgment action in the United States District Court for the Eastern District of Missouri. They seek both a declaration that the City of St. Louis and the St. Louis Board of Police Commissioners are obligated to satisfy their 2009 default judgment and a writ of mandamus ordering the official defendants to grant such relief. The federal district court decided that it lacked jurisdiction, citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). It also indicated that it would abstain under Younger v. Harris, 401 U.S. 37 (1971). Plaintiffs' claims were then dismissed with prejudice, and they appeal. We reverse.

Banks and Rush-Banks had initiated their state action against St. Louis police officers Reginald Williams and Ryan Cousins and the St. Louis Board of Police Commissioners in 2005, claiming violations of 42 U.S.C. § 1983 ("Banks I"). In 2009 the state trial court granted plaintiffs' motion to file a second amended complaint against officer Williams in his individual and official capacities and to dismiss their other claims. The claims in the second amended complaint were based on acts by Williams in 2002, when he allegedly searched and seized Banks with no

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas, sitting by designation.

probable cause, took $1,100 from him without including it in department records, and filed false reports about Banks. Plaintiffs claimed that this arrest and these false reports led to a criminal prosecution against Banks for unlawful use of a weapon, a charge on which he was acquitted. The second amended complaint also alleged that these actions by Williams were part of a pattern of unconstitutional conduct about which the police board was deliberately indifferent. After Williams and members of the police board were served with the second amended complaint, Williams did not answer. Both Williams and an attorney for the police board were notified of the potential default and a scheduled hearing. Only plaintiffs appeared at the hearing, however. Plaintiffs offered evidence about their damages, and a $900,000 default judgment was subsequently entered against officer Williams "in his personal and official capacities, jointly and severally." Banks v. Williams, No. 052-8860 (Mo. 22d Cir. Apr. 27, 2009).

Subsequently plaintiffs petitioned the state court for a writ of mandamus on April 6, 2012, seeking payment for the damages alleged in their default judgment. The named defendants were the mayor of St. Louis (Francis Slay), the city comptroller (Darlene Green), the city treasurer (Larry Williams[2]), and two members of the police board (Slay as ex officio member and Bettye Battle-Turner). Defendants moved to dismiss. After the state trial court entered an order denying plaintiffs' petition for a writ of mandamus, plaintiffs sought review in the Missouri Court of Appeals.

In its opinion the Missouri Court of Appeals identified the proper procedure for writs of mandamus in Missouri. The trial court first determines whether a preliminary writ is warranted *before* issuing any summons. Banks v. Slay, 410 S.W.3d 767, 768 (Mo. App. E.D. 2013) ("Banks II"), citing U.S. Dep't of Veterans Affairs v. Boresi, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013); see Mo. S. Ct. R. 94.04.

---

[2]Tishuara Jones is now the city treasurer.

If a preliminary writ is denied, the petitioner can refile the petition in the court of appeals. Boresi, 396 S.W.3d at 364 (Fischer, J., concurring). The Missouri Court of Appeals noted that the state trial court had not followed the proper procedures in the Banks case. Banks II, 410 S.W.3d at 768. As to the merits of plaintiffs' mandamus petition, the court ruled that no "legal authority exists to require the City or the Board to pay the default judgment entered solely against Officer Williams." Id. at 771. Rather than affirming the trial court's judgment, it "denie[d] the writ without prejudice to seeking an original writ in the Supreme Court of Missouri" as authorized by Missouri Supreme Court Rule 94. Id. Plaintiffs never sought such a writ in the state supreme court.

After the Missouri Court of Appeals ruled, Banks and Rush-Banks brought this declaratory judgment action in the Eastern District of Missouri against Mayor Slay, Treasurer Jones, Comptroller Green, and five members of the police board (Richard Gray, Thomas Irwin, Battle-Turner, Erwin Switzer, and Slay), all named in their official capacities. Plaintiffs sought (1) a declaration that the Banks I judgment against Williams in his official capacity was a judgment against both the city and the police board, and (2) a writ of mandamus ordering defendants to satisfy this judgment.

Defendant officials moved to dismiss on several grounds: res judicata, lack of federal subject matter jurisdiction, and the five year statute of limitations applicable to § 1983 claims in Missouri, see Sulik v. Taney Cnty., Mo., 393 F.3d 765, 766-67 (8th Cir. 2005). The basis cited for the lack of subject matter jurisdiction was the Rooker-Feldman doctrine, a concept derived from two Supreme Court cases. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Feldman case held that the Supreme Court is the only federal court with jurisdiction over appeals from state court judgments, a rule subsequently referred to as the Rooker-Feldman doctrine. See Feldman, 460 U.S. at 476, 482; Rooker, 263 U.S. at 416. The federal district court

-4-

decided that subject matter jurisdiction was lacking. Nevertheless, after concluding that Rooker-Feldman might not apply where state proceedings had not yet ended, the district court also decided to abstain under Younger v. Harris, 401 U.S. 37 (1971). Younger and its progeny instruct federal courts to abstain when certain types of "exceptional" parallel state court proceedings exist. Sprint Comm., Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). After plaintiffs' claims were dismissed with prejudice, they filed this appeal.

The Rooker-Feldman doctrine was broadly applied for some time before its proper focus was clarified by the Supreme Court in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). In Exxon, the Court pointed out that some courts had construed this doctrine "to extend far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." Id. at 283, citing Moccio v. New York State Office of Court Admin., 95 F.3d 195, 199-200 (2d Cir. 1996). The Court clearly stated in Exxon, however, that Rooker-Feldman only deprives federal courts of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. The doctrine thus occupies a "narrow ground" and does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Id. at 284, 293.

Plaintiffs argue that their case does not fall within the Exxon limitations because they do not complain of injuries caused by a state court judgment, citing Edwards v. City of Jonesboro, 645 F.3d 1014 (8th Cir. 2011). The plaintiff in Edwards had sued the city of Jonesboro in federal court under the First, Fifth, and Fourteenth Amendments as well as state law, alleging that methane gas leaking from

a landfill had invaded his land and reduced its value. Id. at 1016-17. He had previously brought a state court action with similar allegations and won compensation on his taking claim, but prejudgment interest was denied. Id. Although Rooker-Feldman was raised as a bar to his federal action based on the state court denial of prejudgment interest, it was unsuccessful because his injuries had been caused by the leaking methane rather than by a state court judgment. Id. at 1018-19.

Here, appellants seek compensation for an injury caused by actions predating the adverse decision in Banks II. Defendants' refusal to honor the default judgment against Officer Williams in his official capacity, not the state court denial of mandamus, was the source of the injury from which plaintiffs seek relief. Unlike in the Rooker and Feldman cases plaintiffs do not "call[] upon the [federal] [c]ourt to overturn an injurious state-court judgment." Exxon Mobil Corp., 544 U.S. at 291-92; c.f. Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 753-55 (8th Cir. 2010). Since plaintiffs' case does not fall within the very narrow category of cases covered by Rooker-Feldman, the district court erred by ruling that this theory deprived the court of subject matter jurisdiction.

Younger abstention, the district court's alternative ground for dismissal, is also inappropriate in this case. Federal court abstention is warranted when one of a few "exceptional" types of parallel pending state court proceedings exist: "state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial function." Sprint Comm., 134 S. Ct. at 588 (quotations omitted). Abstention is appropriate in such circumstances because "the prospect of undue interference with state proceedings counsels against federal relief." Id. Here, there was no pending state proceeding. The Missouri Court of Appeals had issued its decision in Banks II, and plaintiffs have not petitioned for mandamus in the state supreme court. Since nothing related to this federal action is pending in state court, abstention is not warranted.

For these reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____