**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROCKY MOUNTAIN GUN OWNERS, a
Colorado non-profit corporation;
COLORADO CAMPAIGN FOR LIFE, a
Colorado non-profit corporation,

      Plaintiffs-Appellants,

v.

WAYNE W. WILLIAMS, in his official
capacity as Secretary for the State of
Colorado; CITIZENS FOR
RESPONSIBILITY AND ETHICS IN
WASHINGTON, a Delaware non-profit
corporation, trading as Colorado Ethics
Watch,

      Defendants-Appellees.

No. 15-1336

(D.C. No. 1:14-CV-02850-REB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE** and **GORSUCH**, Circuit Judges.

Rocky Mountain Gun Owners and Colorado Campaign for Life (Plaintiffs)

initiated this lawsuit to enjoin a then-ongoing state administrative proceeding initiated by

Colorado Ethics Watch (CEW) and to declare unconstitutional state election disclosure

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

laws. The district court denied this relief and dismissed the case, citing the <u>Younger v.</u> <u>Harris</u> abstention doctrine. Plaintiffs appeal, arguing the district court applied an improper abstention standard. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because there were no ongoing state proceedings when the district court ruled, we reverse and remand for the district court to determine in the first instance whether any of Plaintiffs' claims remain viable.

## I.

The Colorado Constitution, Article XXVIII, and parallel statutory provisions require that any person who spends $1,000 or more in a year on "electioneering communications" must file a disclosure report with the Colorado Secretary of State including, among other details, donor information. Colo. Const. art. XXVIII, § 6(1). Failing to file triggers civil penalties and a daily fine. <u>Id.</u> § 10(1)–(2). Although Colorado's Secretary of State enforces these laws, the statute's private enforcement provision allows "[a]ny person" to file a complaint with the Secretary, who must then refer the case to an administrative law judge (ALJ) in the Office of Administrative Courts (OAC). <u>Id.</u> § 9(1), (2)(a). A party dissatisfied with the ALJ's ruling may appeal to the Colorado Court of Appeals within forty-nine days of service of the agency's final decision. <u>Id.</u>; Colo. Rev. Stat. § 24-4-106(11)(b) (2016).

Plaintiffs are two Colorado non-profit organizations that lobby for specific political causes. Rocky Mountain Gun Owners advocate for Second Amendment rights. Aplt. Br. at 3. Colorado Campaign for Life advocates for the right to life. <u>Id.</u> They often

2

send election mailings to Colorado voters concerning these two issues and plan to do so in the future. Aplt. Reply Br. at 7; Aplt. App. at 18. Defendants are Colorado Ethics Watch (CEW) and Colorado Secretary of State Wayne Williams. CEW is a non-profit organization that advocates for government accountability and transparency. Aplee. Br. at 3. As mentioned above, the Secretary is charged with enforcing Colorado's election disclosure laws and passing private complaints on to the OAC.

Both Plaintiffs sent mailings in mid- and early June of 2014, respectively, which all parties agree fit the definition of "electioneering communications." Aplt. App. at 17–18, 37–47. Both Plaintiffs failed to file the required disclosure reports. Id. at 18. CEW filed a private complaint with then Secretary Scott Gessler (predecessor to Appellee Secretary Wayne Williams) on September 9, 2014. Id. at 18–19. The Secretary passed the complaint on to the OAC for a hearing. Id. at 19–20. Before the OAC hearing, Plaintiffs filed this action in the United States District Court for the District of Colorado challenging the constitutionality of the state's election disclosure scheme under both the United States and Colorado Constitutions. Id. at 10–70. Plaintiffs also requested a preliminary injunction and temporary restraining order (TRO) to prevent enforcement of the disclosure scheme either generally or as applied to them, and also to halt the then-upcoming OAC hearing. Id. at 71, 155. The district court denied Plaintiffs' requests for a preliminary injunction and TRO, finding that "[t]he administrative proceedings pending against [Plaintiffs] are the type of proceedings entitled to abstention under *Younger v. Harris*, 401 U.S. 37 (1971)." Id. at 164.

The Secretary then moved to dismiss Plaintiffs' constitutional claims on <u>Younger</u> abstention grounds on December 22, 2014. <u>Id.</u> at 166–74. The next day, the ALJ in the Colorado state proceedings issued his Final Agency Decision finding that Plaintiffs violated Colorado state law and rejecting their "as applied" constitutional challenges to the state law, which they had raised as a defense. <u>Id.</u> at 277. Plaintiffs could have appealed this decision to the Colorado Court of Appeals within forty-nine days after service of the Final Agency Decision, but chose not to do so. Aplee. Br. at 5; Colo. Rev. Stat. § 24-4-106(11). Although unclear from the record, service seems to have taken place shortly after December 23, 2014, meaning the time for appeal expired as late as mid-February of 2015. Aplt. App. at 277–78. Thus, the Colorado state proceedings ended in mid-February of 2015. Neither party contests that the state proceedings have ended.

Seven months later, on August 12, 2015, the district court granted the Secretary's motion to dismiss, again finding abstention proper. <u>Id.</u> at 279–90. In doing so, the district court stated that "the parties to this case *are involved* in a parallel state proceeding." <u>Id.</u> at 286 (emphasis added). This was a clear misstatement of fact, as both parties had previously alerted the district court to the fact that the OAC proceedings had terminated. In particular, Plaintiffs stated in their brief in opposition to the motion to dismiss that "[o]n December 23, 2014, the [OAC] ruled that Plaintiffs failed to report electioneering communications and ordered them to each pay a civil penalty of $8,450." <u>Id.</u> at 177. Likewise, the Secretary acknowledged in his reply in support of the motion to

4

dismiss that "the underlying administrative court action ended with a final adjudication" on December 23, 2014, and attached a copy of the OAC's order to his reply. Id. at 265. In addition, the Secretary stated that Plaintiffs "ha[d] until February 16, 2015, to appeal." Id. Notwithstanding the district court's misstatement regarding the continued pendency of the state proceedings, however, neither party alerted the district court to its error.

On appeal, Plaintiffs now argue that the district court applied the incorrect abstention standard, citing the Supreme Court's most recent abstention case, Sprint Communications, Inc. v. Jacobs, __ U.S. __, 134 S. Ct. 584 (2013). Aplt. Br. at 2. Plaintiffs would have this court conclude that the private enforcement action CEW brought is not a type of state proceeding from which federal courts must abstain. Id. at 15–35. Defendants contest this characterization and also argue that the entire case is moot. Aplee. Br. at 1; Aplee. Reply Br. at 8–22.

Thus, the issues before us are whether the district court properly abstained and whether the underlying constitutional claims are moot.

## II.

***Standard of Review***

We review *de novo* a district court's decision to abstain based on Younger. Yellowbear v. Wyo. Atty. Gen., 525 F.3d 921, 923 (10th Cir. 2008). However, we review findings of fact for clear error. Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., __ U.S. __, 134 S. Ct. 1744, 1748 (2014).

5

*Younger Abstention*

Generally, federal courts must exercise their jurisdiction when available. Sprint, 134 S. Ct. at 590–91. However, principles of "equity, comity, and federalism" motivate a "longstanding public policy against federal court interference with state court proceedings." Steffel v. Thompson, 415 U.S. 452, 460–61 (1974); Younger v. Harris, 401 U.S. 37, 43–45 (1971). Such policies require a federal court to abstain from hearing a case before it when failing to do so would disturb an ongoing state proceeding. Younger, 401 U.S. at 45.

Therefore, the threshold question in Younger abstention analysis is whether a state proceeding is, in fact, ongoing. Steffel, 415 U.S. at 461–63; Boyle v. Landry, 401 U.S. 77, 80–81 (1971); Columbian Fin. Corp. v. Stork, 811 F.3d 390, 393 (10th Cir. 2016); see also Winter v. Wolnitzek, __F.3d__, No. 16-5836/16-5839/16-5841, 2016 WL 4446081, at *2 (6th Cir. Aug. 24, 2016) ("In the absence of an ongoing enforcement action, Younger has no role to play, leaving us with authority, indeed an obligation, to resolve the case"); Banks v. Slay, 789 F.3d 919, 923 (8th Cir. 2015) (holding that abstention was inappropriate because the state appellate case ended and plaintiffs did not petition the state supreme court); ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (describing "ongoing" as the first and independent element). This threshold question is necessary because "the relevant principles of equity, comity, and federalism have little force in the absence of a pending state proceeding." Steffel, 415 U.S. at 462 (quotations omitted). State court proceedings end when the time

6

for appeal expires.  Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006).

The Supreme Court's modern abstention cases involve a live state proceeding when the trial or appellate courts chose to abstain.  See, e.g., Sprint, 134 S. Ct. at 590 (noting that the state court review of the state administrative proceeding was ongoing when the Eighth Circuit held abstention proper); Ohio Civil Rights Comm'n v. Dayton Christian Sch.s, Inc., 477 U.S. 619 (1986) (evaluating an injunction stalling an otherwise pending state civil rights commission investigation); Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423 (1982) (abstaining from a lawyer disciplinary hearing resolved a few weeks later in In re Hinds, 90 N.J. 604 (1982)); Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) (stating that the state court proceeding ended after the district court erroneously failed to abstain).  Whether we apply Younger or Sprint in our abstention analysis, both require an ongoing state proceeding.  See Sprint, 134 S. Ct. at 592 (assuming expressly, as a threshold matter, that the state proceeding was ongoing); Younger, 401 U.S. at 45 (discussing the foundation of abstention doctrine as prohibiting federal interference with "pending proceedings in state courts").

The district court made a clearly erroneous factual finding that the parallel state court proceedings were still ongoing at the time it granted the Secretary's motion to dismiss on Younger abstention grounds.  App. 286 ("the parties to this case are involved in a parallel state proceeding.").  In doing so, the district court apparently overlooked the statements in the Plaintiffs' response brief and the Secretary's reply brief indicating that the OAC proceedings terminated with a decision on December 23, 2014, and that the

7

Plaintiffs had until mid-February 2015 to appeal to the Colorado Court of Appeals. To be sure, neither party bothered to notify the district court after Plaintiffs allowed that time to lapse without filing an appeal, thereby ending the state proceedings for good. But nor did the district court ask the parties for a status update, or otherwise inquire about the status of the state proceedings, prior to granting the Secretary's motion to dismiss. For these reasons, we reverse the district court's dismissal, which was erroneously based on abstention principles, and remand for further proceedings.

In their briefs before this court, counsel agree that the state proceedings have concluded, but argue only as to the effect of that fact upon the continued vitality of Plaintiffs' claims. They do not address whether the district court erred by abstaining in the first place. Indeed, Plaintiffs invite us to revisit our abstention standard in light of Sprint. Because we dispose of this case on abstention's threshold question, we decline to wade further into the issue. Indeed, were we to proceed to address that issue, we would "run[] afoul of the prohibition on advisory opinions." Campbell-Ewald Co. v. Gomez, __U.S.__, 136 S. Ct. 663, 679 (2016).

*Mootness*

The parties have also briefed the issue of whether the Plaintiffs' claims are moot. Defendants argue there is no possible relief that this court can grant because the state court enforcement proceedings are complete. Plaintiffs do not dispute this procedural fact, but argue their facial challenge to Colorado's election disclosure law is not moot because the harm caused by Colorado's law is capable of repetition yet potentially

8

evading review.  Because the district court improperly abstained, it never reached the mootness issue.  Thus, we leave this question to the district court on remand.

## III.

We REVERSE the district court's grant of the motion to dismiss on <u>Younger</u> abstention grounds, and REMAND for further proceedings.

Entered for the Court


Mary Beck Briscoe
Circuit Judge