**Linda K. O'TOOLE, Plaintiff,**

v.

**CITY OF WALNUT GROVE, MISSOURI, et al., Defendants.**

**Case No. 6:16–CV–03332–BCW**

United States District Court, W.D. Missouri, Southern Division.

Signed 09/25/2017

Gillian R. Wilcox, American Civil Liberties Union of Missouri Foundation–KCMO, Kansas City, MO, Jessie Steffan, Omri E. Praiss, Anthony E. Rothert, American Civil Liberties Union of Missouri Foundation–StL, St. Louis, MO, for Plaintiff.

Karl W. Blanchard, Jr., Richard T. Strodtman, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, MO, for Defendant.

## ORDER

JUDGE BRIAN C. WIMES, UNITED STATES DISTRICT COURT

Before the Court is Defendants' Motion for Summary Judgment (Doc. # 40). The Court, being duly advised of the premises, denies said motion.

### A. PROCEDURAL HISTORY

In August 2016, Plaintiff Linda K. O'Toole filed suit against Defendants the City of Walnut Grove, Missouri ("the City") and the City's mayor, Jim Cole, alleging First Amendment retaliation under 42 U.S.C. § 1983. O'Toole seeks injunctive relief, damages, and attorneys' fees against Defendants, relating to a lawsuit filed by Cole against O'Toole that is currently pending in the Circuit Court of Greene County, Missouri ("State Case").

On March 1, 2017, the Court preliminarily enjoined Defendants "from taking any adverse legal action against Plaintiff stemming from her criticism of Cole's official conduct" until O'Toole's federal case is resolved on the merits. (Doc. #39 at 4).

### B. YOUNGER ABSTENTION IS INAPPLICABLE.

In the motion for summary judgment, Defendants urge this Court to abstain from consideration of O'Toole's First Amendment retaliation case ("Retaliation Case") pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Generally, "federal courts are obliged to decide cases within the scope of federal jurisdiction," and the fact that a related state case is also pending has no impact on the federal court's exercise of jurisdiction. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Younger v. Harris presents an exception to these principles under limited circumstances. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Federal court abstention is warranted when one of a few exceptional types of parallel pending state court proceedings exist: state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial function." Banks v. Slay, 789 F.3d 919, 923 (8th Cir. 2015) (Sprint, 134 S.Ct. at 588).

In this case, the State Case is a civil claim for damages, alleging O'Toole "maliciously made slanderous, false and defamatory statements about [Cole] ...." (Doc. #43–8 at 1). The State Case is not criminal in nature, is not a civil enforcement proceeding, and does not uniquely relate to Missouri courts' performance of judicial function. Thus, the State Case does not present the exceptional circumstances giving rise to Younger abstention, and "the

general rule governs: the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." Sprint, 134 S.Ct. at 588 (citing Colo. River, 424 U.S. at 817, 96 S.Ct. 1236). Therefore, the Court considers Defendants' summary judgment motion on its merits.

### C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS DENIED.

#### 1. Legal Standard

A party is entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The moving party bears the burden to establish both the lack of any genuine issue of material fact and an entitlement to judgment as a matter of law. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. In applying this burden, the Court affords to the non-moving party the benefit of all reasonable factual inferences. Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991)).

#### 2. Uncontroverted Facts

Defendant Cole paid the filing fee for the State case, and court report costs for O'Toole's deposition related to the State Case, from his personal checking account. Ken Reynolds, Cole's counsel in the State Case, is also Walnut Grove's city attorney. Reynolds maintains a private practice in addition to working as Walnut Grove's city attorney, such that Reynold's work for the city is about 2% of his business.

Cole owns and operates a barbershop in Walnut Grove.

On October 30, 2014, O'Toole was removed from a meeting of the Walnut Grove Board of Aldermen. On October 30–31, 2014, O'Toole made a complaint to the Humane Society about Cole killing a stray dog.

On April 19, 2015, O'Toole was served with Cole's state case. On April 23, 2015, O'Toole attended a meeting of the Walnut Grove Board of Aldermen to discuss the city's animal welfare policy.

#### 3. Discussion

Defendants assert they are entitled to summary judgment because the State Case is alleged against O'Toole in Cole's individual capacity, such that O'Toole cannot establish that any of the retaliatory acts she alleges were taken under color of law as required under 42 U.S.C. § 1983.

"Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (citing 42 U.S.C. § 1983). To establish liability against Cole in his personal capacity under § 1983, O'Toole must show that Cole retaliated against her under color of law in filing the State Case against her, and in directing her removal from the City Meeting. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Notably, "[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him." Id. at 167–68, 105 S.Ct. 3099. To establish liability against the City under § 1983, O'Toole must show that the City is "a moving force" behind the State Case and O'Toole's removal from the City Meeting. Id. at 166, 105 S.Ct. 3099 (citations omitted). Stated differently, in order for Cole's conduct, which was allegedly retaliatory in nature, to be attributable to the City, O'Toole must establish that that the City's "policy or custom must have played a part in the

violation of federal law." Id. (citations omitted).

Under the uncontroverted facts, while Cole personally paid the filing fee and certain costs associated with the State Case, the City attorney is involved in the prosecution of the State Case. Based upon the current record, and with all reasonable inferences drawn in O'Toole's favor for purposes of summary judgment, Defendants have not established, as a matter of law, that Cole was not acting under color of law in filing the State Case, nor that the City was not involved in the filing of the State Case. Additionally, the uncontroverted facts establish that O'Toole's removal from the City Meeting, at Cole's direction, may be attributable to City policy. Therefore, Defendants are not entitled to summary judgment on the basis that O'Toole cannot establish as a matter of law that the alleged retaliatory acts were not taken against her under color of law. To the extent Defendants challenge the merits of O'Toole's retaliation claim, the Court will consider those arguments within the context of ruling of O'Toole's pending motion for summary judgment. Accordingly, it is hereby

ORDERED Defendants' Motion for Summary Judgment (Doc. # 40) is DENIED.

IT IS SO ORDERED.