Susan H. MELLO, Plaintiff–Appellant,

v.

Sylvia WILLIAMS, et al., Defendants–Respondents.

No. ED 79458.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 25, 2002.

Application for Transfer Denied
May 28, 2002.

Susan H. Mello, St. Louis, pro se.

David A. Sosne, David A. Warfield, Michele L. Taylor, St. Louis, Mark Hirschfeld, pro se, Joseph F. Devereux, Jr., Thomas J. Hayek, St. Louis, for Respondents.

LAWRENCE E. MOONEY, Judge.

Plaintiff attorney, appearing pro se, appeals a series of adverse orders and judgments in her nine-count suit against seven defendants. Because the plaintiff's points relied on fail to substantially comply with Rule 84.04(d), we dismiss the appeal.

To fully appreciate the shortcomings of plaintiff's points on appeal, we set forth the basic procedural history gleaned from our review of the record. The legal file in this case consists of 12 volumes, totaling some 1,966 pages. We are indebted to defendants for providing some roadmap through this thicket.

*Procedural History*

Plaintiff represented Sylvia Williams in a racial discrimination lawsuit (the first suit). Their dispute over amounts received in settlement of that suit culminated in another lawsuit (the second suit). In the second suit, plaintiff obtained a judgment for her legal fees.

After reviving this judgment against her former client, plaintiff filed a lawsuit (the third suit) against Sylvia Williams, her former client; Darrell Williams, Sylvia Williams's son; Mark Hirschfeld, Sylvia Williams's attorney in the second suit; and Bill Hirsch, an attorney called as an expert witness in the second suit. The third suit consisted of a seven-count action in which plaintiff sought equitable and legal relief premised on a fraudulent transfer of property, defamation, interference with contract, and conspiracies to violate civil rights and commit torts.

Sylvia Williams then filed for protection under Chapter 7 of the bankruptcy laws. In this she was represented by David Sosne, Christopher Rausch, and the Summers, Compton, Wells & Hamburg law firm. Plaintiff then filed an adversary proceeding in the bankruptcy court against Sylvia Williams objecting to the dischargeability of Sylvia Williams's debt to plaintiff for attorney's fees; Sylvia Williams also filed an adversary proceeding against plaintiff requesting injunctive and declaratory relief as to plaintiff's prosecution of the third suit.

After resolution of the bankruptcy proceedings, Judge Romines dismissed with prejudice six counts of plaintiff's seven-count petition in the third suit, either because the counts failed to state claims upon which relief could be granted or because the counts were barred by the statute of limitations. However, Judge Romines declined to dismiss the defamation count, instead offering plaintiff an opportunity to amend her deficient pleading. Plaintiff then voluntarily dismissed "her entire action" without prejudice.

Plaintiff then filed the nine-count suit (the fourth suit) against seven defendants that is the subject of this appeal. In this suit, plaintiff reasserted the six counts previously dismissed with prejudice, reasserted the defamation count dismissed without prejudice, and asserted two new claims, for malicious prosecution and abuse of process. These added counts named as defendants Sylvia Williams, as well as the lawyers and the law firm that had represented Sylvia Williams in the bankruptcy and the related adversary proceedings. Upon motion, Judge Crancer issued a series of five judgments disposing of all counts as to all parties, and all adversely to plaintiff. As to certain claims, summary

judgment was granted. These judgments were awarded on various bases: res judicata, res judicata and collateral estoppel, and entitlement to judgment as a matter of law. There were also dismissed claims. These were predicated on the failure to state a claim upon which relief could be granted and on the bar of the statute of limitations.

### Plaintiff's Appeal

After the tortuous history of this litigation, plaintiff attempts to challenge all the aforementioned rulings by Judge Crancer in two daunting points relied on.[1] These points, intended to clarify the issues on appeal for opposing counsel and this court are, for the intrepid, repeated verbatim:

**Points relied on**

The April 2000 and October 2000 pretrial orders and May 2000 orders and January 2001 judgment granting a dismissal on the pleadings and/or summary judgment should be reversed because:

I. The Motions for dismissal and summary judgment are not proper under Rules 55.27 and 74.04 and should not be allowed to form the basis for dismissals or summary judgment Motions in that:

A. They rested on defenses that were not properly raised in the Answers as not being timely raised where:

a. Hirschfeld waived any such defense where he did not timely assert the defense on the amended petition, did not seek or obtain leave to assert same out of time:

b. Hirsch did not allege it was a final judgment on the merits or that there was a full and fair opportunity to have litigated the issue, and admit-

ted the ruling it relied on was an order (LF 71, A46)

c. Darrell and Sylvia Williams did not state any facts in their Answer and instead stated only ... the claim was barred "by the doctrine of res judicata";

B. The proceedings on the Motions did not comply with the Rule 74.04 where:

a. Plaintiff was not given a full or proper notice or opportunity to be heard on the Motions where instead of allowing Plaintiff a chance to know what was being raised and respond to it before a hearing (as in Rule 74.04 and due process) the court allowed all sides to submit a supplemental material at the same time and then once Hirschfeld submitted an affidavit and new Motion did not set a hearing on the new motion;

b. Sylvia Williams' October 25, 2000 Motion (which was mailed to Plaintiff) should not have been heard on November 25, 2000 where 30 days (plus the three for mailing in the rules) had passed;

c. Plaintiff (as in her Verified request for a stay to permit discovery) should have been allowed discovery and instead not barred from discovery by the trial court:

C. The Motions do not comply with Rule 74.04 where:

a. The Hirsch Motion did not contain any Statement of facts or affidavit;

b. The Hirschfeld Motion did not contain a separate statement of facts or the required factual references as in Rule 74.04

---

1. We admit that our first impression was that there was but a single point relied on, but we shall defer to plaintiff's assertion that there are two.

c. The Darrell Williams Motion did not have a separate statement of Facts;

d. The Sosne Defendant Motion is not supported by a proper affidavit, proper factual references, did address the admissions and affidavits already of record;

*Green v. St. Louis,* 870 S.W.2d 794 (Mo. banc 1994)

Rule 74.04

II. The Defendants are not entitled to judgment on their behalf on their dismissal and summary judgment motions because:

A. Res judicata requires a final judgment on the merits and there is no such motion here where Defendants rely on a September 8, 1999 order relied which was only an interim order per 74.01(b), it allowed Plaintiff leave to amend Count Four (which she did reaffirming her prior counts) and she then voluntarily dismissed her entire action without prejudice (as was her right where there was no trial or evidence per Rule 67.01(a)) and her dismissal accordingly took down with it all prior orders as if the case was not filed;

*Garrison v. Jones,* 557 S.W.2d 247 (Mo. banc 1977)

B. Count Six, the S 1985 count was not outside the statute of limitations and did not exceed claims available under S 1985 where the S 1985 claim here was for a racially based action to interfere with the administration of justice in state courts; and/or deny her enjoyment of equal protection of the laws under which the Missouri tort statute of limitations applied where as for conspiracy claims the time bar does not begin to run until the last overt act charged that resulted in damage to the Plaintiff with overt acts alleged here continuing to 1996–1997 as within the five years of the statute.

*Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

*Kansas City v. Grace,* 778 S.W.2d 264(Mo.App.1989)

C. The oral defamation claim should not have been dismissed where there was no denial the statements were made; and the pleading set out the location and circumstances, listed at least five dates and the statements in issue were directed at a person's truthfulness or performance of duties of their profession;

*Nazeri v. Missouri Valley College,* 860 S.W.2d 303 (Mo. banc 1993)

D. On the malicious prosecution and abuse of process claims, there was no showing of a right to judgment and an absence of a genuine issue of material fact on the lack of probable cause and the ulterior or true purpose of the filing

*Macke Laundry v. Jetz Service,* 931 S.W.2d 166 (Mo.App. W.D.1996).

### Analysis

Rule 84.04(d) provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellate challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in a summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal rea-

sons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]."

Moreover, our Supreme Court has offered guidance on the rule in *Thummel v. King:*

> The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of the appellate courts. It is rooted in sound policy. Perhaps the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered. Absent that, it is difficult, at the very least, for respondent's counsel to properly perform his briefing obligation. This is particularly so in a case such as this where the facts are complex. In addition, such notice is essential to inform the court of the issues presented for resolution. Clear statement of the points relied on facilitates full advocacy and affords the opportunity for clarification by meaningful questions directed to the issues stated in the points relied on. If the appellate court is left to search the argument portion of the brief (or even worse, search the record on appeal) to determine and clarify the nature of the contentions asserted, much more is at stake than a waste of judicial time (even though in this time of increased litigation and heavy caseloads, that alone is sufficient justification of the rules.) The more invidious problem is that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in

an appeal. 570 S.W.2d 679, 686 (Mo. 1978)

██ The rules of civil procedure are not merely exhortations from a judicial catechism; nor are these simply suggestions of legal etiquette. Rather they are rules of practice and procedure to promote the orderly administration of justice. Rule 84.04(d) requires that a point relied on shall (1) identify the challenged ruling, (2) concisely state the legal reasons for the claim of error, and (3) explain in summary fashion why the reasons support the claim of error. *Butterbaugh v. Public Water Supply Dist. No. 12 of Jackson County,* 512 S.W.2d 445, 447 (Mo.App. W.D.1974). Plaintiff's stream-of-consciousness farrago of complaints fulfills none of the rule's requirements.

██ "A statement of a point relied on . . . violates Rule 84.04 when it groups together multiple contentions not related to a single issue." *Wood v. Wood,* 2 S.W.3d 134, 139 (Mo.App. S.D.1999). By including numerous grounds into one point of error, the result is that the point contains multiple legal issues. *Wheeler v. McDonnell Douglas Corp.,* 999 S.W.2d 279, 283 (Mo.App. E.D.1999). Instead, separate issues should be stated in separate points relied on. *Id.* Because plaintiff has conglomerated her complaints as to so many orders and judgments together, we cannot even identify the challenged rulings. Further, we have no duty to review the argument portion of plaintiff's brief. *School Services of Mo., Inc. v. Caton,* 419 S.W.2d 954 (Mo.App. W.D.1967). However, even after reviewing such portion of the brief, which was composed with no more care than the points relied on, we remain uncertain as to the identity or relevance of the pretrial orders referred to in plaintiff's prologue to her points relied on.

Needless to say, there is nothing concise about plaintiff's legal reasoning, and nothing summary about her explanations. For example, her complaint in I.A.a. as to Hirschfeld leaves us mystified. Apparently, plaintiff is claiming the trial court erred in a ruling because Hirschfeld waived a defense. What the ruling was and what the defense was remains a mystery.

Plaintiff's egregious violations of Rule 84.04(d) preserve nothing for our review, requiring our dismissal of her appeal. Although sometimes courts have been reluctant to punish innocent parties for the shortcomings of appellate counsel, *see Thummel,* 570 S.W.2d at 690, here we have no such hesitancy where the appellate counsel herself is the party that will suffer the sanction. Plaintiff's disregard of appellate rules has previously been noted in *Clear v. Missouri Coordinating Bd. for Higher Educ.,* 23 S.W.3d 896 (Mo.App. E.D.2000) and *Buford v. Mello,* 40 S.W.3d 400 (Mo.App. E.D.2001). And continues to be noted even today. *Mello v. Giliberto et al.,* No. ED79491, 2002 WL 171441 (Mo. App. E.D. Feb. 5, 2002).

Searching the record here to ascertain the gravamina of plaintiff's claims of error would be like searching for needles in a haystack. In *Brown v. Allen,* 344 U.S. 443, 537, 73 S.Ct. 397 (1953), Justice Jackson observed that "(h)e who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search." Here, we are frankly skeptical of the existence of any needles. But, more importantly, we declare ourselves unwilling to search in this haystack.

The appeal is dismissed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.