Michael J. BANKS and Antonia Rush–Banks, Appellants,

v.

Francis G. SLAY, Darlene Green, Larry C. Williams, and Bettye Battle Turner, Respondents.

No. ED 99357.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 8, 2013.

Robert Herman, St. Louis, MO, for appellant.

Patricia A. Hageman, City Counselor, Daniel J. Emerson, Assoc. City Counselor, Mark Lawson, General Counsel, St. Louis, MO, for respondent.

Before ROBERT M. CLAYTON III, C.J., GARY M. GAERTNER, JR., J., and ZEL M. FISCHER, Sp.J.

PER CURIAM.

Michael J. Banks and Antonia Rush–Banks ("Plaintiffs") appeal the judgment of the circuit court denying their petition for writ of mandamus against Francis G. Slay, Darlene Green, Larry C. Williams, and Bettye Battle Turner ("Defendants"). The petition for writ is denied.

## BACKGROUND

Plaintiffs filed a petition against police officers Reginald Williams and Ryan Cousins as well as against several members of the St. Louis Board of Police Commissioners ("the Board") for false arrest and imprisonment, malicious prosecution, failure to supervise and train, deprivation of federal rights, and loss of consortium. Plaintiffs then dismissed their claims against the Board and filed a second amended petition, naming only Officer Williams in his official capacity. The circuit court entered a default judgment against Officer Williams. Plaintiffs sought to enforce the judgment against the City of St. Louis ("the City") and the Board by filing a petition for writ of mandamus against Defendants. Instead of issuing a preliminary

order pursuant to Rule 94.04,[1] the circuit court issued summonses to Defendants. Defendants responded, and the circuit court denied Plaintiffs' petition for writ of mandamus. Plaintiffs filed an appeal here.

## DISCUSSION

### A. Jurisdiction

■ Although the parties have not raised the issue, this court has the duty to determine, *sua sponte,* whether the circuit court entered a final appealable judgment before substantive review of the issues presented on appeal. *State ex rel. Hazelwood Yellow Ribbon Comm. v. Klos,* 35 S.W.3d 457, 463 (Mo.App.2000). In *U.S. Department of Veterans Affairs v. Boresi,* 396 S.W.3d 356, 359 (Mo. banc 2013), the Supreme Court of Missouri acknowledged that the issuance of a summons by the circuit court instead of a preliminary order was not consistent with the rules regarding writs.[2]

Here, the court is presented with the same procedural question that the Missouri Supreme Court faced in *Ashby* and *Boresi.* The circuit court in this case did not issue a preliminary order pursuant to Rule 94.04 but instead issued a summons. Defendants responded, and the circuit court entered a judgment denying the petition for writ of mandamus. The circuit court failed to follow the procedure set forth in the rules, and our Supreme Court has indicated this failure will not be condoned.[3]

1. All references to Rules are to Missouri Supreme Court Rules (2013).

2. *Boresi,* 396 S.W.3d at 359 (stating that the practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94 governing writs of mandamus); *see also State ex rel. Ashby Road Partners, LLC v. State Tax Comm'n,* 297 S.W.3d 80, 84 (Mo. banc 2009) ("The issuance of a summons is not authorized or anticipated by Rule 97," governing writs of prohibition.).

3. *Id.* at 359 n. 1 ("The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy. Additionally, it requires a response from the respondent without regard to the merits of the petition. Nevertheless, this Court is exercising its discretion to consider the matter on the merits and issue the writ because the

## B. Writ of Mandamus

In their first point on appeal, Plaintiffs claim the circuit court erred in denying their petition for writ of mandamus because the ruling was based upon the circuit court's misinterpretation of the law. Plaintiffs argue the circuit court erroneously concluded the underlying default judgment entered against Officer Williams in his official capacity was not a direct judgment against the City of St. Louis or the Board. This argument is without merit.

 The purpose of a writ of mandamus is to order performance of a duty already defined by law. *Williams v. Gammon*, 912 S.W.2d 80, 83 (Mo.App.1995). The issuance of a writ is justified only when some legal authority requires an official to perform a particular act. *Chastain v. Kansas City Missouri City Clerk*, 337 S.W.3d 149, 155 (Mo.App.2011). A party seeking a writ of mandamus must allege and prove he or she has a clear, unequivocal right to the thing claimed. *Id.* at 156. Mandamus may be used to enforce existing rights but may not be used to establish new rights. *Id.* It can only be used where the duty sought to be performed is definite and arises under conditions imposed by law. *Id.*

Plaintiffs argue the United States Supreme Court's decision in *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) imposes a direct and unequivocal liability upon the City and the Board through the default judgment against Officer Williams in his official capacity. In *Brandon*, the plaintiffs filed a § 1983 [4] suit against an officer of the Memphis Police Department and the police department's director. The district court entered a damages judgment against both the officer and the director in his official capacity, and the Sixth Circuit Court of Appeals reversed the judgment, finding the director was protected by qualified immunity.

The United States Supreme Court granted certiorari and stated the question presented as "whether the damages judgment is payable by the city of Memphis because the Director was sued in his official capacity or whether the Director is individually liable, but shielded by qualified immunity." *Id.* at 465, 105 S.Ct. 873. The Court concluded that the court of appeals erred in failing to apply the distinction between suits against government officials in their individual capacity entitled to qualified immunity and suits in which only the liability of the municipality itself is at issue. *Id.* at 473, 105 S.Ct. 873. The Court noted a municipality is not entitled to the shield of qualified immunity from liability under § 1983, and only the liability of the municipality itself was at issue in *Brandon*. Therefore, the Court reversed the court of appeals' judgment. *Id.*

---

parties, who already have litigated the matter fully, were not at fault and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure prescribed by the rules. This Court is not required to exercise its discretion in like manner in the future."); *Id.* at 366 ("I concur in the result in this case, because the United States Department of Veterans Affairs has a clear and unequivocal right to intervene, but I would not allow a summons to be a substitute for a preliminary order in any future case.") (Fischer, J., concurring).

4. 42 U.S.C. § 1983 (2012) imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Plaintiffs also brought their claim for deprivation of rights against Officer Williams under § 1983.

This case is distinguishable from the decision in *Brandon*. Contrary to Plaintiffs' argument on appeal, *Brandon* does not stand as a direct, unequivocal legal authority to require the City and the Board to pay the default judgment against Officer Williams. The Supreme Court did note, in *Brandon*, that a judgment against a public official in his or her official capacity imposes liability upon the entity he or she represents, provided the entity received notice and the opportunity to respond. *Id.* at 471–72, 105 S.Ct. 873. However, the Court made this statement in light of very distinct facts, different from those in the present case.

In *Brandon*, there was a damages judgment against both the officer and the director of the police department. The Court considered only the liability of the director in his official capacity and noted that his actions would not support an award of damages against him individually. *Id.* at 470–71, 105 S.Ct. 873. Instead, the plaintiffs in *Brandon* made particular allegations to support their claim against the director concerning "inherently deficient" policies within police administrative procedures and claimed the Director should have known of the officer's dangerous propensities. *Id.* at 467, 105 S.Ct. 873. The Court specifically found that, for purposes of the city's potential liability, the actions of the director in his official capacity were equated with those of the city itself. *Id.* at 472, 105 S.Ct. 873.

Here, the facts are different. In this case, Plaintiffs seek a writ of mandamus compelling the City and the Board to pay the default judgment entered against Officer Williams in Plaintiffs' underlying § 1983 action. The circuit court entered the judgment here only against Officer Williams, based upon his individual actions. In *Brandon*, the district court had entered judgment against both the police officer and the director. The *Brandon* Court did not consider the subsequent imposition of liability upon the city based on the judgment against the police officer. Instead, the Court in *Brandon* considered the imposition of liability against the city in the underlying action itself by virtue of the judgment against the director in the context of qualified immunity. The Court specifically noted that qualified immunity protects those public servants acting in good faith; however, there is a distinction between suits against government officials in their individual capacity and those in which only the liability of the municipality is at issue. *Id.* at 472–73, 105 S.Ct. 873.

■ Here, there was no consideration of qualified immunity in the underlying action. Instead, as previously discussed, the allegations in the underlying action were based upon Officer Williams's individual actions, and there was no consideration of whether his actions were so equated with those of the City or the Board itself as to impose liability upon those entities. Moreover, the circuit court in this case did not enter a judgment against any additional representative of the City or member of the Board, like the director in *Brandon*, that could be equated with those entities.[5]

5. This court notes that both the City and the Board respond to Plaintiffs' arguments by citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and its progeny. These cases hold an official sued in his or her official capacity may serve as the basis for municipal liability under § 1983 where that official is responsible for setting a custom or policy resulting in the deprivation of rights. *Id.* at 694–95, 98 S.Ct. 2018; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). These cases are consistent with the Court's analysis of the director's actions in *Brandon*.

Finally, in *Brandon,* the police department and the city each received notice, and neither party argued lack of notice. *Id.* at 472 n. 20, 105 S.Ct. 873. Here, as previously noted, Plaintiffs originally named several members of the Board in the underlying suit. However, Plaintiffs dismissed the Board members and filed a second amended petition naming only Officer Williams. The plaintiffs did not name any representative of the City in the original suit. The circuit court entered a default judgment solely against Officer Williams. Therefore, we cannot conclude the City or the Board had the opportunity to be heard with respect to the default judgment against Officer Williams.

## CONCLUSION

■ For the foregoing reasons, this court cannot conclude, based upon the Court's rationale in *Brandon,* that any legal authority exists to require the City or the Board to pay the default judgment entered solely against Officer Williams. Whether this case is considered an appeal of the circuit court's judgment or a petition for an original writ of mandamus, the result is the same because Plaintiffs failed to prove a clear, unequivocal right to enforce the default judgment against the City or the Board. *See Chastain,* 337 S.W.3d at 156. Rather than perpetuate a procedural process that is not authorized by Rule 94 and is disfavored by the Supreme Court of Missouri, instead of stating that the judgment is affirmed, this court denies the writ without prejudice to seeking an original writ in the Supreme Court of Missouri. In the future, our circuit courts should follow the procedure set out in Rule 94 rather than issue a summons.