

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| **BARBARA BARTLETT, et al.,** ) | |
| ) | |
| **Appellants,** ) | |
| ) | **WD79411** |
| **v.** ) | |
| ) | **OPINION FILED:** |
| ) | **November 29, 2016** |
| **MISSOURI DEPARTMENT OF** ) | |
| **INSURANCE and JOHN M. HUFF,** ) | |
| ) | |
| **Respondents.** ) | |

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Jon E. Beetem, Judge**

**Before Division Two:** Lisa White Hardwick, Presiding Judge, and
Karen King Mitchell and Anthony Rex Gabbert, Judges

This case raises a question as to the procedural requirements for seeking relief in the form of a writ of mandamus under Rule 94.[1] Here, purported relators Barbara Bartlett and Shawn Hernandez, former employees of the Department of Insurance, appeal from the circuit court's grant of summary judgment in favor of the Department on their petition for a writ of mandamus, wherein Bartlett and Hernandez sought "payment . . . in lost wages and lost pension as a result of the 2001

---

[1] All rule references are to the Missouri Supreme Court Rules (2016).

decision to no longer abide by [§ 374.115[2]]," a statute they claimed mandated a certain level of compensation with which the Department refused to comply. Ultimately, the trial court granted the Department's motion for summary judgment, effectively denying the petition for writ of mandamus, and Relators appealed. Though seeking mandamus relief, Appellants utterly failed and refused to follow the procedural requirements of Rule 94 regarding mandamus, leaving this court without appellate jurisdiction. Accordingly, we dismiss this appeal.

## Background

On November 9, 2012, Appellants Bartlett and Hernandez filed a "Petition for Writ of Mandamus – Class Action" in Jackson County, Missouri. Appellants, insurance examiners employed by the Department, claimed that beginning in 2001, the Department stopped paying them statutorily mandated salary increases. The petition sought class certification "to recover unpaid compensation in the form of lost wages and lost pension owed . . . [by] the Department of Insurance . . . from 2001 to the present" based on the language of § 374.115.[3] Upon receiving the petition, the Jackson County Court Administrator's Office sent Appellants a notice that their pleading could not be filed without further documents and information. The notice specifically inquired, "should this case be handled as a Writ or a regular Jackson County case? If handled as a Writ of Mandamus, please refer to the Missouri Court Rules." Appellants responded, "Please file the above styled case as a regular Jackson County Case and not as a Writ."

The Jackson County Circuit Court complied with Appellants' request, appointed a special process server, and served the Department with a "Summons in Civil Case." Thereafter, the

---

[2] All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the most recent Cumulative Supplement.

[3] No class certification hearing was ever held, and no class was ever certified. Thus, we do not address whether a petition for mandamus could ever be certified as a class action. The class action status of this case is not an issue on appeal.

2

Department sought a transfer of venue to Cole County and filed a motion to dismiss. In the Department's motion to dismiss, the Department argued—among other things—that "Plaintiffs fail[ed] to satisfy the elements for a writ of mandamus and fail[ed] to satisfy the procedural requirements for mandamus under Missouri Supreme Court Rule 94.03." More specifically, the Department argued that Appellants were improperly seeking mandamus to adjudicate their legal right to compensation, rather than to execute an existing right, and that they failed to follow the procedural requirements of Rule 94.03 insofar as they failed to submit either suggestions in support of their petition or exhibits essential to an understanding of the matters set forth therein.

Thereafter, Appellants filed a "First Amended Petition for Writ of Mandamus," seeking to cure the procedural defects identified by the Department by attaching exhibits and accompanying suggestions in support.[4] The Department filed another motion to dismiss, this time directed at the First Amended Petition, again attacking Appellants' failure to satisfy the procedural requirements of Rule 94. The Department again argued that Appellants were seeking to establish a right, rather than simply to execute an existing one, and that the amended petition still failed to attach the relevant and necessary exhibits, as the exhibits included with the petition failed to establish any facts necessary to demonstrate that Appellants had an existing right to relief.

The Jackson County Circuit Court granted the Department's motion to transfer venue to Cole County. In Cole County Circuit Court, Appellants filed a response to the Department's motion to dismiss, and the court held a hearing on the motion. Following the hearing, the Cole County Circuit Court entered an order denying the motion to dismiss; found "that the statute at

---

[4] In filing the First Amended Petition, Appellants claimed that the amendment was permitted as a matter of right under Rule 55.33(a), "as no responsive pleading has been served." But, until a preliminary order is issued under Rule 94.04, no responsive pleading is required. Rule 94.05. While Rule 55.33 provides for amendments in cases where no responsive pleading has been served and where none is permitted, it does not address the situation where a responsive pleading is simply not required. In other words, the interplay between Rule 55.33, which applies to civil proceedings generally, and Rule 94, which applies to petitions for writ of mandamus, is not clear.

issue clearly sets forth the right to be enforced, thus making mandamus an appropriate remedy";
limited Appellants' claims to the five years preceding the petition based upon a statute of
limitation; and directed the Department to file an answer.

The Department filed a "General Objection and Answer," wherein it argued that "the Court
was wholly without jurisdiction to direct Respondents to answer Petitioners' First Amended
Petition for Writ of Mandamus" because "the denial of a motion to dismiss is not the operative
prerequisite to investing the circuit court with the authority to direct Respondents to file an
Answer."[5] "Rather," the Department argued, "in response to the proper showing accompanying a
petition for writ of mandamus, the circuit court is empowered to issue but one type of order; a
preliminary order in mandamus." (Citing Rule 94.04.) The Department argued that "[t]he
Court's . . . Order does not determine that a preliminary writ should issue, it merely denies
Respondents' motion to dismiss." The Department further argued that mandamus was
inappropriate because Appellants were seeking to establish a legal right to compensation, rather
than to execute an existing right.

The parties then engaged in a period of discovery. Then, ***nearly two years after filing the
initial petition in Jackson County***, Appellants filed a "Motion for Leave to File Relator's [sic]
Second Amended Writ," wherein Appellants sought to amend their petition again, this time to add
another party. Not surprisingly, the Department objected, again arguing that Appellants had failed
to comply with Rule 94 and were not entitled to writ relief. Appellants again tried to cure the
procedural defects identified by the Department by filing an *amended* motion for leave to file their
Second Amended Petition, wherein they attached exhibits and accompanying suggestions in

---

[5] "[U]nless a trial court grants a preliminary order in mandamus, Rule 94 does not authorize the trial court to
order the respondent to file an answer to the petition in mandamus." *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 477
S.W.3d 185, 188 n.6 (Mo. App. W.D. 2015).

4

support, as required by Rule 94. Again, the Department objected, and again it argued that

Appellants failed to comply with Rule 94. The Department argued:

> This case is not a civil tort action and was brought over two years ago as a petition for writ of mandamus. A writ of mandamus . . . must show, on the face of the petition, a clear and unequivocal right to relief. The Court's April 2, 2014 order stated that Relators "bear the burden of proving facts which entitle them to relief under the statute." Further, Relators concede on the face of their Amended Motion that their prior attempts failed to support their claim for writ and failed to supply the required material under Rule 94.03. As such, the current incarnation of Relators' claim, brought more than two years after their initial filing, evidences the defects inherent in their claim.

The parties continued to engage in discovery, and on March 30, 2015, the parties filed

competing motions for summary judgment, followed by suggestions in support and opposition,

and replies, as well as various motions to strike.[6] Finally, on December 31, 2015—*more than*

*three years after the initial petition was filed*—the court entered the following "Judgment":

> The Court finds that Relators have failed to establish a basis for mandamus in that they cannot establish what they should have been paid, except to the extent that it should be more. Mandamus requires a showing of a clearly established right.
> Independently, while as this Court has previously found that mandamus is the proper cause of action to compel a payment, the doctrine of sovereign immunity bars the action under the facts established.[7]

> The Court sustains the Respondents' Motion for Summary Judgment.

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Relators' request for a Writ of Mandamus is denied and judgment is entered in favor of Respondents. All other claims for relief, not expressly granted herein, are denied. Costs taxed to the Relators.

---

[6] Though Rule 94.01 indicates that, "[i]n all particulars not provided for by the foregoing provisions, proceedings in mandamus shall be governed by and conform to the rules of civil procedure," we question whether summary judgment is an appropriate vehicle for resolving a petition for writ of mandamus. The two proceedings have vastly different purposes. "The purpose of summary judgment . . . is to identify cases (1) in which there is no genuine dispute as to the facts and (2) the facts as admitted show *a legal right to judgment* for the movant." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993) (emphasis added). "Mandamus[, however,] may not be used to establish a legal right; it may only be used to compel performance of a right that already exists." *Lemay Fire Prot. Dist. v. St. Louis Cty.*, 340 S.W.3d 292, 295 (Mo. App. E.D. 2011). "The writ's purpose is to execute, not to adjudicate." *Id.*

[7] The parties argued below about whether sovereign immunity barred the petition, and they continue that argument on appeal. We do not determine that issue, however, because we lack appellate jurisdiction over this case due to the lack of a final, appealable judgment.

Appellants now appeal from the court's grant of summary judgment in favor of the Department, arguing that sovereign immunity did not apply and that they established a right to mandamus below. We take this opportunity to advise litigants and trial courts on the proper procedures required when seeking mandamus in the hopes of avoiding future procedural quagmires such as the one we are confronted with here.

**Analysis**

"There is no remedy that a court can provide that is more drastic, no exercise of raw judicial power that is more awesome, than that available through the extraordinary writ of mandamus." *State ex rel. Kelley v. Mitchell*, 595 S.W.2d 261, 266 (Mo. banc 1980). "Writs are extraordinary remedies, and their procedures differ from normal civil actions." *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013). And where a writ petition fails to comply with the procedural rules, it is properly subject to dismissal. *Molasky v. Westfall*, 713 S.W.2d 569, 570 (Mo. App. E.D. 1986).

"The rules of civil procedure are 'rules of practice and procedure to promote the orderly administration of justice.'" *Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. E.D. 2007) (quoting *Mello v. Williams*, 73 S.W.3d 681, 685 (Mo. App. E.D. 2002)). "When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Id*.

Mandamus actions brought in the circuit court are governed by Rule 94.[8] "Proceedings in mandamus shall be by a civil action in which the person seeking relief is relator and the person against whom such relief is sought is respondent." Rule 94.02.

---

[8] In this court and the Missouri Supreme Court, mandamus actions are further governed by Rules 84.22 through 84.26, inclusive. The application of different rules does not change the high standard that is to be employed in evaluating the propriety of a writ of mandamus.

Rule 94.03 states:

> Application for a writ of mandamus shall be made by filing a petition in mandamus in the appropriate court.

> The petition in mandamus shall contain a statement of the facts, the relief sought, and a statement of the reasons why the writ should issue.

> The petition in mandamus shall be accompanied by suggestions in support thereof.

The rule further directs that "[a] copy of any order, opinion, record or part thereof, document, or other item that may be essential to an understanding of the matters set forth in the petition in mandamus shall be attached as exhibits if not set forth therein." *Id.*

Here, as the Department repeatedly pointed out over the three-year course of litigation, Appellants failed to properly seek a writ in the first instance. The original petition did not designate any party as either relators or respondents, instead identifying them as plaintiffs and defendants. Though containing facts, the petition failed to set them forth in a statement of facts. The petition failed to identify the precise relief sought, instead seeking only "payment . . . commensurate with the amount that each [class] member is owed in lost wages and lost pension as a result of the 2001 decision to no longer abide by the governing statute."[9] Finally, the petition failed to state the reasons why a writ, rather than some other form of relief, was required. Furthermore, there were no accompanying suggestions in support nor any exhibits attached to the petition. And, completely disregarding the application of Rule 94, Appellants advised the Jackson County Circuit Court to treat the case "as a regular Jackson County Case and not as a Writ."[10]

---

[9] As noted above, no class was ever certified; thus, even if the prayer for payment of lost wages and lost pension itself were deemed precise, it is wholly unclear to whom such payments would be owed. "[I]n mandamus he who seeks mandamus must specify just what he wants, nothing more or less." *State ex rel. Hart v. City of St. Louis*, 204 S.W.2d 234, 240 (Mo. banc 1947) (internal quotations omitted). "Thus, unless we can grant the relief sought, we can grant no relief." *Id.*

[10] It is unclear to us why the Jackson County Circuit Court considered treating the petition as anything other than a petition for a writ of mandamus. It was captioned as a petition for a writ of mandamus and it clearly sought

The normal circuit court proceedings in mandamus established in Rule 94 are as follows: First, a relator initiates a proceeding by filing a petition for a writ of mandamus in the appropriate circuit court. Next, the circuit court considers the petition and determines if a preliminary order of mandamus should issue. If the circuit court does not grant a preliminary order in mandamus, the petitioning party then must file its writ petition in the next higher court. If the circuit court, however, "is of the opinion that the preliminary order in [mandamus] should be granted, such order shall be issued." The preliminary order in mandamus directs the respondent to file an answer within a specified amount of time . . . . If the court issues a preliminary order in mandamus, any final decision is reviewable by appeal.

*Boresi*, 396 S.W.3d at 364 (Fischer, J., concurring) (quoting Rule 94.04) (footnotes omitted) (internal citations omitted).

Appellants' direction to treat the case as a normal civil case further compounded the procedural irregularities insofar as the court then issued a summons, rather than examining the petition to determine whether a preliminary order was warranted, as is required by Rule 94.04. As noted, *supra*, a petition for a writ of mandamus seeks an extraordinary remedy. "The purpose of requiring a preliminary order at the outset of a writ proceeding is to require some judicial evaluation of the claim to determine if the respondent should even be required to answer the allegations." *Boresi*, 396 S.W.3d at 365 (Fischer, J., concurring). The issuance or denial of a preliminary order drives the petitioner's next steps: "when the circuit court denies a petition for writ of mandamus, the petitioner's proper course of action is not to appeal the denial but to file the writ in a higher court." *Stone v. Mo. Dep't of Corr.*, 313 S.W.3d 158, 160 (Mo. App. W.D. 2010). On the other hand, "where a preliminary [order] is granted and the court then determines on the merits whether the writ should be made permanent, or quashed, then appeal is the proper remedy." *Wheat v. Mo. Bd. of Prob. & Parole*, 932 S.W.2d 835, 838 (Mo. App. W.D. 1996). "The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the

---

mandamus relief. Thus, it fell within the purview of Rule 94 and should have been treated accordingly. It appears, based on the language employed by the court, that the court recognized the deficiencies in the petition.

remedy." *Boresi*, 396 S.W.3d at 359 n.1. "Additionally, it requires a response from the respondent without regard to the merits of the petition." *Id.*[11]

Allowing a court to issue a summons in lieu of a preliminary order also "leads to confusion as to the proper standard of review." *Id.* at 365 (Fischer, J., concurring). And this confusion is exacerbated when the case continues to proceed as a normal civil case, as it did here, subject to amended pleadings and summary judgment motions.[12]

In *Powell v. Department of Corrections*, 463 S.W.3d 838 (Mo. App. W.D. 2015), this court addressed a similar procedural irregularity and its effect on appellate jurisdiction. In *Powell*, like here, "the circuit court did not issue a preliminary order in mandamus as provided in Rule 94.04. Rather, it issued a summons to the [respondent], a procedure not authorized by Rule 94." *Id.* at 840. This court analyzed both the majority opinion and Judge Fischer's concurrence in *Boresi* and determined that "it is clear that the Supreme Court is directing circuit courts to discontinue the

---

[11] In his concurrence, Judge Fischer stressed the purpose of the preliminary order and its distinctions from a typical summons. *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013) (Fischer, J., concurring). More specifically, he noted that "a preliminary order . . . does more than a summons . . . because the preliminary order often prohibits further action until further order of the court." *Id.* While this is true of writs of prohibition, it is not clear that the same is true for writs of mandamus. *Compare* Rule 94.05 ("The preliminary order [in mandamus] shall order the respondent to file an answer within the time fixed by the order.") *with* Rule 97.05 ("The preliminary order [in prohibition] shall order the respondent to file an answer within the time fixed by the order and may order the respondent to refrain from all action in the premises until further order."). Nevertheless, as the *Boresi* majority pointed out, it is the truly awesome nature of mandamus relief, itself, that requires a preliminary determination by the court regarding the merits. Plainly, a summons—unlike a preliminary order—requires no determination of the merits of the cause of action; rather, it merely notifies an opposing party that a case has been filed. Thus, they are clearly not functional equivalents.

[12] In noting the confusion over the governing standard of review, Judge Fischer, in his concurrence in *Boresi* pointed out that the standard has been described as either abuse of discretion or the standard for court-tried cases delineated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Boresi*, 396 S.W.3d at 359 (Fischer, J., concurring). We further note that several cases have arisen on appeal from the grant of summary judgment entered in response to a petition for a writ of mandamus and that, in those cases, Missouri courts have held that the standard of review is *de novo*. *See, e.g., State ex rel. City of Desloge v. St. Francois Cty.*, 245 S.W.3d 855, 859 (Mo. App. E.D. 2007) ("The fact that it was a summary judgment in a writ of mandamus action does not affect our standard of review."). Thus, as the Eastern District has aptly recognized, it appears that "the manner in which the trial court disposed of the writ petition determines the proper standard of review." *Prof'l Fire Fighters of E. Mo. v. City of Univ. City*, 457 S.W.3d 23, 27 (Mo. App. E.D. 2014). Yet, in all cases, to be entitled to the extraordinary remedy of mandamus, a petitioner must demonstrate "a clear, unequivocal, specific right to a thing claimed." *Boresi*, 396 S.W.3d at 359 (quoting *State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n of State*, 236 S.W.3d 632, 635 (Mo. banc 2007)). Permitting different standards of review, driven by procedurally noncompliant practices, seems both arbitrary and problematic.

9

practice of issuing a summons in lieu of a preliminary order in mandamus or prohibition." *Id*. at 842. "[W]e perceive *Boresi* to be guidance that we generally should decline to exercise our discretion to hear appeals on the merits in writ proceedings where a summons rather than a preliminary order has been issued by the circuit court." *Id*. Thus, we held that, when a "circuit court denie[s] [a petitioner's] writ petition without issuing a preliminary order, [the petitioner's] proper course [i]s to file his writ in a higher court." *Id*. at 843. Accordingly, we dismissed the appeal. *Id*.

Following our decision in *Powell*, we were faced with a similar issue in *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, WD78477, 2016 WL 1435970 (Mo. App. W.D. Apr. 12, 2016).[13] In *Tivol*, after the petition for a writ of mandamus was filed, "the circuit court issued summonses rather than issuing a preliminary order in mandamus. The [respondent] then filed a motion to dismiss alleging that [the] petition failed to state a cause of action. Thereafter, the circuit court dismissed [the] petition," and an appeal was brought from the dismissal. *Id*. at \*1. On appeal, before reaching the merits, we noted our "duty to determine, sua sponte, whether the circuit court entered a final appealable judgment before substantive review of the issues presented on appeal." *Id*. at \*2 (quoting *Banks v. Slay*, 410 S.W.3d 767, 768 (Mo. App. E.D. 2013)). We then discussed the opinions in *Boresi* and our subsequent interpretation of *Boresi* in *Powell*, as well as the Eastern District's interpretation of *Boresi* in *Banks*,[14] and

---

[13] The Missouri Supreme Court granted transfer on August 23, 2016.

[14] In *Banks*, the circuit court issued a summons, rather than a preliminary order on the writ petition. *Banks v. Slay*, 410 S.W.3d 767, 768 (Mo. App. E.D. 2013). After finding the writ petition without merit, the court stated:

> Rather than perpetuate a procedural process that is not authorized by Rule 94 and is disfavored by the Supreme Court of Missouri, instead of stating that the judgment is affirmed, this court denies the writ without prejudice to seeking an original writ in the Supreme Court of Missouri. In the future, our circuit courts should follow the procedure set out in Rule 94 rather than issue a summons.

*Id*. at 771.

concluded that "we refuse to perpetuate a procedural process that is not authorized by Rule 94." *Id.* at \*2-\*4. We held that "courts, litigants, and counsel must be bound by the procedures set forth in Rule 94, especially since *Boresi* put them on notice of the obligation to comply with those procedures almost three years ago." *Id.* at \*4. Though noting that "we have the discretion to hear appeals on the merits in cases in which the circuit court issues a summons rather than a preliminary order," we held that it was not "our place to continually excuse [non]compliance with the procedural rules written by the Missouri Supreme Court." *Id.* "We f[ou]nd this especially true given that [the appellant's] recourse in th[e] case [wa]s simple—[it] merely need[ed] to file its writ in a higher court." *Id.*

Here, unlike in *Powell*, *Banks*, or *Tivol*, the Supreme Court had not yet issued its opinion in *Boresi* when Appellants' petition was initially filed in Jackson County Circuit Court. Thus, the Jackson County Circuit Court did not have the benefit of the Court's warning in *Boresi* that issuing a summons in lieu of a preliminary order was improper in mandamus actions. *Boresi* was, however, handed down a mere two months after the case was transferred to Cole County and before Cole County took any action regarding the matter. Thus, *Boresi* was an available authority for the Cole County Circuit Court to rely on in ruling the parties' various arguments and motions, including the Department's challenges to the First Amended Petition's compliance with Rule 94. Furthermore, while the Supreme Court excused the noncompliance with Rule 94 in *Boresi*, it did so "because the parties, who already . . . litigated the matter fully, *were not at fault* and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure pr[e]scribed by the rules." *Boresi*, 396 S.W.3d at 359 n.1 (emphasis added). Here, on the other hand, if fault is to be assigned for the noncompliance with Rule 94, it would lie squarely with Appellants, as it was Appellants that directed the Jackson County Circuit Court to file the

matter "as a regular Jackson County Case and not as a Writ." Had Appellants instead heeded the court's advice to "refer to the Missouri Court Rules" if they wished for the case to be handled as a writ, this case might not have dragged on for three years only to reach the conclusion that it was handled improperly and cannot be reviewed on appeal. "[I]t is well to enforce the law, 'but it is quite another matter to disrupt settled expectations years after' an alleged violation." *State ex rel. City of Monett v. Lawrence Cty.*, 407 S.W.3d 635, 641 (Mo. App. S.D. 2013) (quoting *Green v. Lebanon R-III Sch. Dist.*, 13 S.W.3d 278, 287 (Mo. banc 2000) (Wolff, J., concurring)). Because the circuit court denied Appellants' writ without issuing a preliminary order, Appellants' recourse is not by appeal—it is to seek the writ in a higher court.

Yet, even if we were to exercise our discretion and overlook the procedural infirmities, we would deny the writ because Appellants' claim is simply not a proper matter for mandamus relief. "The purpose of a writ of mandamus is to order performance of a duty already defined by law." *Banks*, 410 S.W.3d at 769. "The issuance of a writ is justified only when some legal authority requires an official to perform a particular act." *Id*. "A party seeking a writ of mandamus must allege and prove he or she has a clear, unequivocal right to the thing claimed." *Id*. "Mandamus may be used to enforce existing rights but may not be used to establish new rights." *Id*. "It can only be used where the duty sought to be performed is definite and arises under conditions imposed by law." *Id*.

"To determine whether the right to mandamus is clearly established and presently existing, the court examines the statute under which the relator claims the right." *Jones v. Carnahan*, 965 S.W.2d 209, 213 (Mo. App. W.D. 1998). "If the statute involves a determination of fact or a combination of facts and law, a discretionary act rather than a ministerial act is involved and this discretion cannot be coerced by the courts." *Id*.

12

Here, the statute under which Appellants seek relief is § 374.115, which provides: "Insurance examiners appointed or employed by the director of the department of insurance, financial institutions and professional registration shall be compensated according to the applicable levels established and published by the National Association of Insurance Commissioners." Appellants claim that, beginning in 2001, the Department ceased complying with the statute by refusing to issue them pay increases, despite the fact that the NAIC recommended the same.

"If . . . the amount of a salary is fixed by law, and for that reason no discretion is left as to the amount, then mandamus is an appropriate remedy to enforce the payment of a salary to a public official against the officer or officers whose duty it is to pay such official." *State ex rel. Koehler v. Bulger*, 233 S.W. 486, 487 (Mo. banc 1921). "In such cases the salary is a fixed amount, if it exists at all, and the sole question is the legal one as to whether or not there is a liability." *Id.* But "[i]t is one of the fundamental principles of mandamus that the right sought to be enforced by the writ must be clear. It is obvious that this cannot be true if the amount which it is sought to compel officials to pay depends upon a fact issue to be determined by them." *Perkins v. Burks*, 78 S.W.2d 845, 848 (Mo. 1934). "[W]hen there is a controversy over compensation for services, the amount of which must be settled by determining a question of fact which might be disputed, then the act of auditing the claim and fixing the amount . . . is a discretionary act which is not subject to be decided by mandamus." *Id.* "[T]o the extent that legal or factual issues must be adjudicated, mandamus is not an appropriate mechanism." *Carmack v. Saunders*, 884 S.W.2d 394, 398 (Mo. App. W.D. 1994).

The statute at issue here requires numerous determinations of both fact and law, which were obviously disputed below.[15] For example, Appellants contended that "compensation" was

---

[15] For this reason, it would seem that the grant of summary judgment would have been erroneous, even if the procedure were permissible in the mandamus context.

13

equivalent to "salary," but the Department disagreed, noting that § 374.160.4 suggests that "compensation . . . includ[es] standard benefits afforded to state employees." There are questions of fact as to whether the National Association of Insurance Commissioners established a level of compensation, what that compensation included, and what the amount of that compensation was. "[W]hile a [person] may rightfully have recourse to mandamus to compel the payment of a salary fixed by law as to amount, the same is not true of a person who has a claim for . . . compensation for services . . . where both the validity and the amount of the claim are subject to be put in issue." *State ex rel. Becker v. Wehmeyer*, 113 S.W.2d 1031, 1033 (Mo. App. 1938). Here, the amount of compensation due—if any—was in dispute; therefore, it did not meet the mandamus requirement for a clear, unequivocal, and specific right to the thing claimed.

Furthermore, mandamus does not lie "where there is any other adequate remedy." *Kelley*, 595 S.W.2d at 266 (quoting *State ex rel. Porter v. Hudson*, 126 S.W. 733, 740 (Mo. banc 1910)). "[T]he remedial writ ought to be reserved for those cases in which no alternative measure will be effective." *Id*. "A declaratory judgment action is a particularly appropriate method for determining a controversy involving the construction of a statute . . . ." *City of Creve Coeur v. Creve Coeur Fire Prot. Dist.*, 355 S.W.2d 857, 859 (Mo. 1962). Indeed, § 527.020 provides that "[a]ny person . . . whose rights . . . are affected by a statute . . . may have determined any question of construction . . . arising under the . . . statute . . . and obtain a declaration of rights . . . thereunder." We know of no reason why Appellants could not have proceeded under the Declaratory Judgment Act. And because "the writ of mandamus is to be used only as a last resort on the failure of any adequate alternative remedy," *Kelley*, 595 S.W.2d at 267, the writ does not lie here.

14

**Conclusion**

Because the trial court denied Appellants' petition for a writ of mandamus without issuing a preliminary order, review is not available by way of appeal. Accordingly, this appeal is dismissed.

_____
Karen King Mitchell, Judge

Lisa White Hardwick, Presiding Judge, and
Anthony Rex Gabbert, Judge, concur.

15